DIKEMAN, Respondent, vs. STRUCK, imp., Appellant.

*March 1 — March 18, 1890.*

*Defective service: General appearance: Notice of retainer and of appeal.*

A notice of retainer, given by the attorney of one of several defendants against whom judgment has been rendered, stating that he appears specially "for the express and sole purpose of taking an appeal from the judgment," and a notice of appeal from the judgment barring and foreclosing said defendant's right, "and from each and every part of said judgment, and from the whole thereof," constitute a general appearance in the action.

APPEAL from the Circuit Court for *Kewaunee* County. The facts are stated in the opinion.

*Geo. D. Byron*, for the appellant.

For the respondent the cause was submitted on the brief of *George W. Wing*, attorney, and *Nash & Nash*, of counsel. They cited *Lowe v. Stringham*, 14 Wis. 222; *Cron v. Krones*, 17 id. 401; 1 Am. & Eng. Ency. of Law, 183; *Anderson v. Coburn*, 27 Wis. 558; *Williams v. Stewart*, 3 id. 773; *Sto-*

*nach v. Glessner*, 4 id. 275; *State ex rel. Att'y Gen. v. Mess-more*, 14 id. 115; *Upper Mississippi Transp. Co. v. Whittaker*, 16 id. 220; *Keeler v. Keeler*, 24 id. 522; *Grantier v. Rose-crance*, 27 id. 488; *Baizer v. Lasch*, 28 id. 268; *Insurance Co. v. Swineford*, id. 257; *Tallman v. McCarty*, 11 id. 401; *Caughey v. Vance*, 3 Pin. 275; *Ilsley v. Harris*, 10 Wis. 83; *Northrup v. Shephard*, 26 id. 220; *Alderson v. White*, 32 id. 308; *Blackburn v. Sweet*, 38 id. 578; *Likens v. McCormick*, 39 id. 313; *Kasson v. Estate of Brocker*, 47 id. 79; *O'Dell v. Rogers*, 44 id. 136; *Coad v. Coad*, 41 id. 26; *Barnum v. Fitzpatrick*, 11 id. 81; *Ruthe v. G. B. & M. R. Co.* 37 id. 344; *Pollard v. Dwight*, 4 Cranch, 421; *Farrar v. U. S.* 3 Pet. 459; *Woolford v. Dugan*, 35 Am. Dec. 52; *Lampley v. Beavers*, 25 Ala. 534; *Douglass v. Pacific M. S. Co.* 4 Cal. 304; *New Albany & S. R. Co. v. Combs*, 13 Ind. 490.

ORTON, J. This is an action to foreclose a mortgage given by the defendants Walter Mrotek and Mary Mrotek to the plaintiff, to secure a note of $375 given by both, and the defendant *John W. Struck* was impleaded as having some interest in the mortgaged property subsequent to the mortgage. The defendants Walter and Mary Mrotek were duly served with summons; and the defendant *Struck*, not being found, was sought to be served by publication. Judgment was duly rendered foreclosing all of said defendants of their equity of redemption, the said *Struck* being a subsequent mortgagee. George B. Byron, Esq., an attorney at law, on the 15th day of October, 1889, served and filed the following notice of retainer: "Please take notice that I am retained by the defendant *John W. Struck*, and appear specially for him, for the express and sole purpose of taking an appeal from the judgment rendered in the above-entitled action." [Signed] "GEO. B. BYRON, Attorney for Defendant *John W. Struck*." On the same day a notice of an appeal to this court was served as follows: "Take notice that

the defendant *John W. Struck* hereby appeals to the supreme court . . . from the judgment rendered . . . in the above-entitled action, . . . barring and foreclosing all said defendant's right, title, and interest in and to the premises described, *and from each and every part of said judgment, and from the whole thereof.*" This appeal has been perfected and is pending in this court as an appeal from the whole judgment against all of the defendants. The learned counsel of the appellants contends that the circuit court had no jurisdiction of the defendant *Struck*, by reason of certain irregularities in the proceedings for publication, and that the judgment is void as to him for the reason that he was not served by summons or publication, had not appeared, and had no notice of the action. The learned counsel of the respondent contends that such want of service is cured by the above notice of retainer and by the appeal, as a general appearance in the action.

The notice of retainer is "for taking an appeal from the judgment rendered in the above-entitled action." It is not for taking an appeal from that part of the judgment against *John W. Struck*. And so, also, with the appeal. It is "from each and every part of the judgment, and the whole thereof." It is as general as language can make it. It is, first, from the judgment barring and foreclosing the defendant *Struck*, and then follows the above, after the copulative conjunction "and," as an additional member of the sentence, and as additional matter which embraces the whole judgment and the merits of the action. Whatever the intention of the learned counsel may have been, the language can have no other interpretation, and is a full appearance in the action upon the record. If there is anything additional to the special appearance for the sole purpose of setting aside or reversing the judgment for want of jurisdiction of the person, in the notice of retainer or appeal, it is a full appearance in the action, and is a waiver of service. *Alder-*

*son v. White*, 32 Wis. 308; *Blackburn v. Sweet*, 38 Wis. 578; *Likens v. McCormick*, 39 Wis. 313. Under this notice and appeal the merits of the action may be considered by this court. *Anderson v. Coburn*, 27 Wis. 558. "A voluntary appearance of a defendant is equivalent to a personal service of the summons upon him." Sec. 2643, R. S. An appearance will be taken to be general unless the contrary appears. *Lowe v. Stringham*, 14 Wis. 222. The learned counsel of the respondent cites in his brief numerous other cases in point. The want of service upon *Struck*, if any, is cured. There does not appear to be any error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.