## MONTGOMERY *et al.* v. WM. CAMERON & CO.

No. 4801.    Opinion Filed October 12, 1915.

(152 Pac. 398.)

1.  **APPEAL AND ERROR—Presentation for Review.** Motions presented in the trial court, the rulings thereon, and exceptions thereto are not properly a part of the record, and can only be presented and preserved for review on appeal to the Supreme Court by incorporating the same in a bill of exceptions or case-made.

2.  **SAME.** Only errors appearing upon the face of the record proper may be reviewed by the Supreme Court on a transcript of the record, accompanied by a petition in error.

3.  **APPEARANCE—General Appearance—Motion to Vacate Judgment.** Where a party against whom a judgment is rendered files a motion to vacate the same, upon the ground that the trial court has no jurisdiction over his person, and said motion is based upon nonjurisdictional, as well as jurisdictional grounds, **held,** that thereby said party enters a general appearance as though said appearance had been made at the trial.

(Syllabus by the Court.)

*Error from District Court, Jefferson County;*
*Frank M. Bailey, Judge.*

Action by Wm. Cameron & Co. against S. K. Montgomery and others.  Judgment for plaintiff, and defendants bring error.  Affirmed.

*J. H. Harper*, for plaintiffs in error.

*Jones & Green,* for defendant in error.

KANE, C. J.   The plaintiffs in error in their petition in error complain of a certain judgment by default rendered against them in a certain suit upon a promissory note and to foreclose a mortgage given to secure the same, wherein the First National Bank of Hawarden, Iowa, was plaintiff, the defendant in error was intervener, and the plaintiffs in error were defendants.   Counsel for plaintiffs in error in their brief present many grounds for reversal, but as they have prosecuted their appeal by filing a petition in error with a transcript of the record attached thereto, only a very few of them are reviewable. It is well settled that:

"Motions presented in the trial court, the rulings thereon, and exceptions thereto are not properly a part of the record, and can only be presented and preserved for review on appeal to the Supreme Court by incorporating the same in the bill of exceptions or case-made." (*Green et al. v. Incorporated Town of Yeager,* 23 Okla. 128, 99 Pac. 906.)

Only errors appearing upon the face of the record proper may be reviewed by the Supreme Court on a transcript of the record, accompanied by a petition in error. *Tribal Development Co. v. White Bros.,* 28 Okla. 528, 114 Pac. 736. The reviewable assignments of error upon which plaintiffs in error rely for reversal all go to the sufficiency of the process issued below to confer jurisdiction over the persons of the defendants upon the trial court.   Without specifically noticing the nature of the defects urged against the process it is sufficient to say upon this point that after the rendition of the judgment by default against them defendants appeared and moved the trial court to set the same aside upon both jurisdictional and nonjurisdictional grounds.   It is well settled that:

"Where a party against whom a judgment is rendered files a motion to vacate the same upon the ground that the trial court has no jurisdiction" over his person, "and said motion is based upon nonjurisdictional as well as jurisdictional grounds, held, that thereby said party enters a general appearance, as though said appearance had been made at the trial." (*Pratt v. Pratt*, 41 Okla. 577, 139 Pac. 261; *Ziska v. Avey*, 36 Okla. 405, 122, Pac. 722.)

For the reason stated the judgment of the court below is affirmed.

All the Justices concur.