THE CITY OF HOOPESTON, Appellee, *vs.* JULIA D. SMITH *et al.* Appellants.

*Opinion filed April 20, 1916.*

</div>

1. SPECIAL TAXATION—*when question of jurisdiction is waived.* Where complainants do not stand upon the question of jurisdiction raised by their objection that the notice does not state the proportion of the cost assessed to the public, but file further objections attacking the legality of the proceedings on the merits, they thereby waive the question of jurisdiction, even though the objection is a valid one.

2. SAME—*provision for drainage work is a component part of paving ordinance.* The drainage work described in an ordinance for paving a street is a component part of the improvement, and a city has no right to treat it as severable and capable of being undertaken by the city in disregard of the provisions of the Local Improvement act.

3. SAME—*abutting owners have a right to have all component parts of improvement described and cost estimated.* By section 80 of the Local Improvement act the owners of a majority of the frontage of the lots and lands abutting on the improvement to be

built by special taxation have a right to elect to do the work for the whole improvement and enter into a contract therefor at ten per cent less than the price at which the same shall be awarded to the lowest bidder, and therefore they have a right to have all the component parts of the improvement described and the cost thereof estimated.

4. SAME—*what must be stated in ordinance when city undertakes portion of cost of improvement.* Where the city determines to pay a portion of the cost of an improvement to be built by special taxation, it is incumbent on it to state what proportion of the cost of the improvement will be taxed against the city as public benefits and to levy that tax in the same ordinance, as it has no right to build an essential part of the improvement in any other manner than as provided in the Local Improvement act.

5. EVIDENCE—*when blue-print of proposed improvement is not admissible.* A profile and blue-print of a proposed improvement, referred to in the ordinance but in no way made a part of it, is not admissible for the purpose of showing the location and depth of the drainage.

APPEAL from the County Court of Vermilion county; the Hon. LAWRENCE T. ALLEN, Judge, presiding.

ROBERT R. RODMAN, for appellants.

C. F. DYER, City Attorney, and J. H. DYER, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The city council of the city of Hoopeston passed an ordinance providing for the improvement of Maple street from the east curb line of Second avenue to the west line of Fifth street, by grading, curbing, graveling, draining and paving with brick. The ordinance provides that the whole cost of grading, curbing, graveling and paving with brick, estimated at $10,562, including expenses and court costs, should be paid by special taxation to be levied upon the property contiguous to and abutting the improvement, in proportion to the frontage of each lot. The ordinance specifically and in detail sets forth the specifications and re-

quirements for those portions of the improvement, with an estimate of the cost thereof. There was no estimate, itemized or otherwise, of the cost of the draining of the improvement. Another part of the ordinance headed "Drainage," provides: "For the proper drainage of the pavement, inlets and catch-basins shall be placed as shown on blue-print plans for the work. The inlets and catch-basins will be furnished by the city of Hoopeston and will be of standard type adopted by said city for previous pavements. The drains connecting inlets with catch-basins shall be built of eight-inch No. 2 sewer pipe, and shall be laid to grade as shown on blue-prints. The re-filling material for these drains must be thoroughly tamped in four-inch layers. These drains, as well as necessary outlet drains for catch-basins, will be furnished and built by the city of Hoopeston." In pursuance of the ordinance a petition was filed in the county court of Vermilion county, and appellants appeared and entered a special and limited appearance in this proceeding for the purpose of questioning the jurisdiction of the court and also filed objections to the confirmation of the special tax. All objections of appellants were overruled by the court and judgment was entered confirming the assessment against the property of appellants, from which judgment this appeal is prosecuted.

Appellants' first objection argued in this court is that the court had no jurisdiction because the notice given to the property owners under section 41 of the Local Improvement act did not state what proportion of the cost of the improvement was assessed against the public. Said section 41 provides that the assessment roll shall contain a list of all the lots, blocks, tracts and parcels of land assessed for the proposed improvement, the amount assessed against each tract, and in case of assessment in installments the amount of each installment shall also be stated, and that the officer making said roll shall certify, under oath, that he verily believes that the amounts assessed against the public

and each parcel of property are just and equitable and do not exceed the benefits which will in each case be derived from said improvement, etc. Said section further provides that the notices to the persons paying the taxes on the lands to be improved shall state the amount assessed to the person to whom the same is directed for the improvement proposed, the total amount of the cost of said improvement and the total amount assessed as benefits upon the public. It further provides that an affidavit shall be filed before the final hearing showing a compliance with the requirements of said section. Had appellants been content to stand upon the question of jurisdiction without further appearance to contest on the merits their motion should have been sustained. It further appears from the record, however, that they filed further objections to the confirmation of the assessment and thereby attacked the legality of the proceedings on the merits. They thereby waived the question of the jurisdiction of the court. *Quick* v. *Village of River Forest,* 130 Ill. 323; *MacKenzie* v. *MacKenzie,* 238 id. 616; *Abbott* v. *Semple,* 25 id. 91.

It is also urged by appellants that the ordinance is invalid because it provides that the entire cost of grading, curbing, graveling and paving with brick shall be paid by special taxation and that the drainage shall be furnished and built by the city of Hoopeston, and makes no assessment against the city. We think this objection should be sustained. The drainage described in said ordinance is a component part of the improvement as shown by the ordinance. The improvement would not be complete without the catch-basins and the inlets, etc., provided for the drainage thereof. As the drainage provided for in said ordinance was a necessary and essential part of said improvement the city had no right to treat it as a severable part of the improvement, and as one that could be built by it without first advertising and receiving bids for the construction of the work. The city cannot build any improvement

or any part thereof, whether it costs less or more than $500, without complying with section 74 of the Local Improvement act. That section does not authorize a city or village to perform the work and employ the necessary help for any improvement without first having received bids therefor as in said section provided, and then only when, after receiving bids, it shall appear to the board of local improvements that said work can be performed better and cheaper by the city, town or village or the authorities thereof and when the work will not cost more than $500.

By section 80 of the Local Improvement act the owners of a majority of the frontage of the lots and lands abutting on the improvement have a right to elect to do the work for the whole improvement and enter into a contract therefor at ten per cent less than the price at which the same shall be awarded to the lowest bidder. The abutting owners therefore had the right to have all the component parts of the improvement described and estimated. Appellants' third objection, that the ordinance is invalid for the reason that it fails to describe the proposed drainage and give the number of catch-basins and to estimate the cost of the drainage part of the improvement, should have been sustained. Appellants, and other property owners, would not be able to determine whether or not their property would be benefited by the improvement to the amount assessed against them without knowing how the drainage would be constructed and what the probable cost thereof would be. The city had the right to tax the whole cost of the improvement against the abutting property, but having determined to pay a portion thereof it was incumbent on it to state what proportion of the cost of the improvement would be taxed against the city as public benefits and to levy that tax in the same ordinance, as it had no right to build any essential part of the improvement in any other manner than as provided in the Local Improvement act. The statute gave the city no right to build any part of

the improvement in question, as it was inseverable for that purpose.

The court also erred in admitting in evidence, over objection of appellants, the profile and blue-print referred to in the ordinance, which was prepared for said improvement and filed in the office of the city clerk but which was in no way made a part of the ordinance, for the purpose of showing the location and depth of the drainage.

For the errors indicated the judgment of the county court is reversed.                    *Judgment reversed.*