R. E. WITHAM, Appellee, v. UNION COUNTY, Appellant.

**EMINENT DOMAIN:** Proceedings—Defective Notice—Waiver. Irrespective of the fact that a notice for the condemnation of land for highway right of way may be *fatally defective,* yet the condemnation authorities are given full jurisdiction to proceed with the condemna-

tion by the act of the property owner (1) in appearing in response to said notice, (2) in entering his objections, (3) in making a claim to damages, and (4) in appealing from the award.

*Appeal from Union District Court.*—H. K. EVANS, Judge.

JANUARY 15, 1924.

REHEARING DENIED, JUNE 28, 1924.

ACTION to recover damages for wrongful taking of a strip of land across plaintiff's farm for a highway. Petition alleged that defendant's claim of right to occupy the strip was based on certain condemnation proceedings; that no sufficient notice was given to plaintiff of the commencement of the proceedings attempting to establish said highway by eminent domain; that said proceedings were without jurisdiction, and conferred no right upon the county to so appropriate his land; and that plaintiff has been damaged in the amount of $8,000. It prayed that he be permitted to establish his damages, and that, upon ascertainment of the amount thereof, time be fixed within which same should be paid; that, in case of refusal to pay said damages within the time prescribed, injunction issue, restraining defendant from occupying his land as a highway until such damages should be paid. In exhibits attached to the petition, proceedings of the board of supervisors were set forth. In an amendment to the petition, proceedings in an appeal by plaintiff from award of damages by the board were set forth. Demurrer to answer was sustained. Defendant elected to stand on its answer and amendment thereto, and refused to further plead, and appeals from ruling on demurrer.—*Reversed and remanded.*

*E. L. Carroll,* County Attorney, and *L. J. Camp,* for appellant.

*R. Brown* and *Higbee & McEniry,* for appellee.

ARTHUR, C. J.—I. On December 7, 1920, the county engineer submitted to the board of supervisors, in writing, state-

ment and recommendation in substance as follows: That, the board having approved plans for Federal Aid Project No. 83, prepared by the Iowa highway commission, and having advertised for bids for the construction of roads as shown thereon, it became necessary to secure right of way required; that, acting under the provisions of Sections 1527-r1 to 1527-r7, Supplemental Supplement, 1915, he recommended the expediency and advisability of changing the location of roads in accordance with said plans, that new roads be established and portions of old roads vacated, as shown by said plans on file in the office of the county auditor; that the board attempted to secure such right of way by negotiating with the owners, as provided by Section 1527-r1, Code Supplement, 1915; that, upon failure to secure right of way by negotiations, the board proceeded to condemn right of way, under the provisions of the statute.

In pursuance of the recommendation of the county engineer, the board passed a resolution to acquire right of way as shown on the plans for Federal Aid Project No. 83. The resolution in substance stated that the board had approved plans for the improvement of a part of the primary road No. 8, as prepared by the Iowa highway commission, designated as Sections A, B, C, and D of Federal Aid Project No. 83 (Afton to Creston and Creston to Adams County line), and had advertised for bids for road construction required by such plans; that the county engineer had recommended the advisability and expediency of making such changes in the road as shown on said plan, all as provided for in Section 1527-r1, Supplemental Supplement, 1915; that it was the sense of the board that such right of way be secured upon such basis. The county engineer was directed to report on said proposed road changes and show in said report descriptions of the various parcels of land which would be necessary to be acquired, with the names of the respective owners. It was resolved that the board take steps to acquire as much as possible of the land for the road changes by negotiations with the owners, and, if it failed to secure same by this method, that condemnation proceedings be instituted. On March 15, 1921, the county auditor notified the board of supervisors, in writing, that claims for damages had been filed, and appointed appraisers

to view the premises where such damages were claimed.   Appraisers so appointed qualified, viewed the premises, and made report appraising damages of parties, assessing plaintiff's damages in the amount of $850.   On March 16, 1921, the auditor issued a notice, which was personally served on the plaintiff on the same day, reading as follows:

"You are hereby notified that three disinterested appraisers having been appointed by the county auditor to view and report on the damages sustained by the location of highway across: Commencing at Station 676, and extending east ¼ mile, the South ½ of said........................................ old C., B. & Q. grade also a strip of land ¼ mile on the old C., B. & Q. .................. grade, commencing at Station 703, extending to road running northwest of county farm.  You will meet at the courthouse, in Creston, at 9:00 A. M., April 1, 1921, to hear all objections to said proposed change, and to the damages awarded you by said appraisers."

On March 28, 1921, twelve days after service of the foregoing notice, plaintiff filed in the auditor's office "objections and claim for damages" in substance as follows:

"Comes now R. E. Witham and files this, his objections to a certain proposed change of highway and the damages allowed him in pursuance of said change," said proposed proceedings being evidenced in the auditor's office of Union County, Iowa, by a commission issued to appraisers by the county auditor, and by notice issued to this objector by said county auditor, under date of March 16, 1921.   The claim stated that objector had heretofore been unable to file objections and claim for damages, for the reason that there had not been filed in the office of the county auditor any petition of freeholders or recommendation of the county engineer whereby objector might have full information; that no report of survey had been made; that, because of inability to obtain any information whatever of the proceedings respecting proposed change of road, he was unable, prior to the time of filing these objections, and was at this time unable to determine to what extent he desired to object to the proposed change in the highway.   He objected to the amount fixed by appraisers as damages to his farm.

On April 1, 1921, the board met to hear objections by land-owners and claims for damages. Among others, Witham appeared, and urged objections, the record being as follows:

"Ed Witham also objects to the proposition as made by the commissioners regarding the road through his farm. The board voted to abide by the decision of the appraisers, and tendered this amount to Mr. Witham, but he refused to accept it."

On April 6, 1921, plaintiff filed supplemental and additional objections and claim for damages, stating, in substance, that the recommendation of the county engineer failed to set out facts as required by law; that said recommendation does not comply with the statutes giving the board jurisdiction to proceed in said road matter; that the resolution of the board approving the plan of the road was illegal; that there was no survey and report of the proposed change of road; that the proceedings attempted were void; that notice served on this objector was insufficient to give this board jurisdiction of this defendant (plaintiff herein); that it did not describe the proposed change and location and course thereof; that it did not give the names of the owners of the land through and abutting upon the proposed change; that it did not require this objector to file his claim within ten days; and that, because of the fact, said notice was without legal force and effect, and the board of supervisors did not acquire jurisdiction of him or the subject-matter; that the amount of damages awarded him was inadequate.

On April 11, 1921, the board in session allowed damages to Witham in the amount of $850.

II. On April 19, 1921, Witham perfected appeal to the district court from the award of damages by the board of supervisors, and filed appeal bond, which was approved by the county auditor. On September 8, 1921, said appeal came on for trial in the district court. Counsel for the county and board of supervisors moved that plaintiff's appeal be dismissed, and for judgment on the pleadings for costs, on the ground that the pleadings of appellant, Witham, showed on their face that no claim for damages was filed within the time prescribed by statute, or at any other time; that the objections filed are addressed exclusively to the proceedings before the board of supervisors, alleging, in

substance, that the board had no jurisdiction of appellant and no jurisdiction of the subject-matter, and that the proceedings are illegal and void; that appellant's pleadings show on their face that plaintiff has mistaken his remedy, and the pleadings do not allege grounds of appeal from the action of the board of supervisors. The record of ruling on the motion is as follows:

"On the 8th of September, 1921, the foregoing appeal came on for hearing by the district court of Union County, Iowa, and the court dismissed the appeal."

III. After dismissal of appeal, and on November 14, 1921, Witham filed in the office of the county auditor claim for damages in the amount of $8,000. The claim for damages is in this language:

"That this claimant claims damages to the premises above described in the sum of $8,000, for the trespass on said premises and the laying out, grading, and constructing of said highway thereon, and the abandonment of said public road thereon."

IV. On January 3, 1922, Witham began the instant action, alleging, in substance, that, because of the defective proceedings in condemnation, the board was without jurisdiction in taking his land, and demanded damages in the amount of $8,000, as for trespass.

On April 4, 1922, plaintiff filed an amendment to his petition, alleging that the appeal taken by him from award of damages by the board was so taken through error, and that said appeal and dismissal were without jurisdiction and of no validity, and set forth the proceedings in said appeal. Defendant answered, denying "each and every material allegation of plaintiff's petition, except those hereinafter specifically admitted;" admits that it took possession of a certain portion of the land of plaintiff, for the purpose of establishing a public highway, and that it has so established said highway; denies that it wrongfully took possession; denies that it failed to comply with the statutes providing for the establishment of such highway; admits that the proceedings in establishing said highway are substantially as alleged in the petition; denies that the notice given to plaintiff of the commencement of the proceedings to establish said highway by eminent domain was insufficient, and alleges the fact to

be that said notice served its purpose, in that the proceedings show that, in response to said notice, plaintiff and his attorney appeared before the board of supervisors, and filed written objections to the establishment of said highway, thus conferring jurisdiction on the board of supervisors in the condemnation proceedings; denies that no opportunity was given to plaintiff to establish the amount of damages sustained by him; denies that no time was set within which plaintiff should or could file his claim for damages; denies that the condemnation proceedings were without jurisdiction; admits that plaintiff has received no compensation as damages for the appropriation of his lands, but alleges that he was allowed damages in the amount of $850, which he refused to accept; admits that, on November 14, 1921, plaintiff filed claim for damages with the county auditor in the amount of $8,000, and presented same to the board of supervisors for action thereon, and that, on November 15, 1921, the board refused to allow said claim; denies that plaintiff has no adequate and speedy remedy at law for the damages sustained by him; and alleges the fact to be that his right of appeal from the action of the board of supervisors in allowing damages in favor of plaintiff, as shown by the proceedings set out in plaintiff's petition, was not only adequate, but exclusive.

As affirmative defense, defendant alleged that the board of supervisors approved plans for the road in question, as prepared by the Iowa state highway commission, under Federal Aid Project No. 83, as shown by the proceedings set forth in the petition; that plaintiff was allowed damages in the amount of $850; that, on March 16, 1921, notice was served on plaintiff, notifying him that the board would meet on April 1, 1921, to hear objections to proposed change in the highway and to damages awarded plaintiff by the appraisers; that, on March 28, 1921, plaintiff filed written objections and claim for damages; that the proceedings showed that plaintiff's claim for damages was acted upon by the board; that, on April 6, 1921, plaintiff filed supplemental and additional objections and claim for damages, and that the proceedings of the board on April 11, 1921, showed that plaintiff was allowed $350 for fence and $500 for damages for taking of his land for highway; that the proceed-

ings show that plaintiff perfected an appeal from the award of damages made by the board of supervisors; that, on September 8, 1921, said appeal came on for hearing in the district court, and was dismissed, as shown by proceedings in said appeal.

Defendant further avers that plaintiff's remedy by appeal from the award of damages assessed by the appraisers in the condemnation proceedings and the damages allowed by the board of supervisors in said proceedings was conclusive, and that plaintiff's remedy, upon dismissal of his appeal by the district court, was by appeal to the Supreme Court of Iowa; that plaintiff's rights, so far as damages are concerned, which damages are the subject of the instant action, were fully adjudicated in said appeal case; that, when plaintiff appealed from the action of the board in allowing said damages, he waived any defect in the notice served on him in the condemnation proceedings, if there were any such defects, and that he waived all defects in the proceedings before said board in the establishment of said road, when he perfected his appeal to the district court; that, when he appealed to the district court from the action of the board in assessing and allowing damages to him by the board of supervisors, he conferred full jurisdiction on the district court to fully determine said cause of action, and, instead of bringing a separate and independent suit for damages, his remedy was by appeal to the Supreme Court of the state of Iowa from the ruling of the district court on defendant's motion to dismiss the appeal; that, by appealing from the action of the board of supervisors, he waived any defect in the proceedings before the board, and any rights which he might have had to bring a separate and distinct cause of action for damages alleged in the petition herein, and is now estopped from asserting and maintaining this cause of action.

Defendant, in an amendment, answered plaintiff's amendment to petition respecting proceedings on appeal, denying that said appeal was taken by plaintiff through error; alleged that said appeal was the exclusive remedy of plaintiff from the action of the board; alleged that the appeal was dismissed on its merits; denied that said appeal and dismissal were without jurisdiction and of no validity; admits that the proceedings in said appeal,

attached to plaintiff's amendment to his petition, are a substantial and correct copy of the proceedings in the district court; admits that the proceedings as alleged by plaintiff before the board of supervisors and in the district court on appeal are substantially correct.

The demurrer to the answer and amendment thereto, which were sustained by the court, are, in substance, that the facts stated are not sufficient to constitute a defense to the action alleged by plaintiff; that the general denial excepts as to "allegations hereinafter specifically admitted;" that, following such general denial, defendant admits such material allegations of plaintiff's pleadings; that, with the admission also of the correctness of the exhibits pleaded by plaintiff, showing proceedings of the board, plaintiff's contention is fully established as to all questions raised in plaintiff's petition and amendment thereto; that no part of the answer or amendment thereto which is well pleaded, contradicts any material allegation contained in plaintiff's pleadings; that the remainder of the answer and amendment thereto consists only of conclusions of law and averment of facts, which are contradicted by the exhibits attached to plaintiff's petition and amendment to petition, which said exhibits are admitted by defendant's answer and amendment thereto to be correct; that, when the general denial and statement of conclusions of law and rejection of averments of fact in the answer and amendment thereto are disregarded, which conclusions of law and averments of fact are contradicted by defendant's admission that the exhibits annexed to plaintiff's petition showing proceedings before the board and in the appeal case are correctly stated, said answer and amendment thereto present no subject of contention, and do not join issue with the case alleged by plaintiff in any particular.

V.   While the court sustained the demurrer to the answer and amendment thereto generally, without designating on what particular grounds, it necessarily inheres in the ruling (and counsel so treat it in their argument) that the court held that the board of supervisors did not acquire jurisdiction of plaintiff or of the subject-matter of the proceedings.  It is evident that the board proceeded in said road matter under Sections 1527-r1 to

r7, Supplemental Supplement, 1915. The answer admitted that the notice served on Witham is as set forth in the proceedings, which notice is hereinbefore set forth. Section 1527-r6, Supplemental Supplement, 1915, prescribes a notice. Appellee by the demurrer challenges the sufficiency of the notice given Witham, initiating the proceedings as to him. He asserts that the notice is defective in not informing him at whose request proceedings were begun; the location of the proposed highway; that claim must be filed within ten days, or it would be waived; and the names of the owners of land to be taken. It is apparent from examination of the notice given that it does not meet the requirements of the statute in scarcely any particular. The notice does not state that claims shall be filed, or that any waiver may result from not filing claim. Appellant, while not conceding that the notice was defective, does not contend that it fully met the requirements of the statute. Appellant takes the position that it is disclosed by the record that appellee appeared before the board of supervisors and filed objections to the proposed change of road, and by thus appearing, waived any defect in the notice; that not only did appellee appear to the proceedings before the board, but perfected an appeal to the district court; and that by such acts and proceeding he conferred jurisdiction upon the board and upon the court. The notice prescribed by the statute, Section 1527-r6, Supplemental Supplement, 1915, advises the landholder of five important facts: (1) That the engineer made report and survey, and recommended change in the road; (2) location of the proposed change, with the names of owners of adjacent and abutting land; (3) that the board proposes to establish the change; (4) that objections and claims for damages must be filed within ten days from the service of the notice, or they will be waived; (5) that the board will meet on a certain day, to determine objections and amounts of claims. The notice served on Witham advised him only: (1) That appraisers had been appointed to view and report on damages sustained by location of a certain highway; (2) the description and location of the proposed highway, fixed by the location of the Chicago, B. & Q. grade, Stations 676 and 703, and a road running northwest of the county farm; (3) that he is to come

to the courthouse in Creston, at 9 o'clock A. M., April 1, 1921 (15 days thereafter), to hear objections and damages awarded him.

The notice does not advise the landholder that he must file objections and claim for damages within ten days from the date of service upon him, as provided by Section 1527-r3, Supplemental Supplement, 1915. It may be conceded that the service of such notice, in and of itself, would not confer jurisdiction on the board of supervisors to acquire land for road purposes by condemnation. If the board acquired jurisdiction of Witham and his property, it was by virtue of the appearance of Witham before the board and his filing objections to proposed change in the road and objecting to appraisement of his damages and the allowance of damages to him by the board, in the amount of $850, and his perfecting an appeal to the district court from said award of damages. The notice served on Witham on March 16, 1921, advised him of appointment of appraisers to assess damages resulting from proposed change of highway, and notified him of the meeting of the board on April 1st to hear objections to said proposed change and appraisement of damages. True, the statute provides that claims for damages must be filed within ten days after the service of the notice, or they will be waived. Section 1527-r3, Supplemental Supplement, 1915. The notice did not advise Witham that he must file claim for damages within ten days, or damages would be waived. However, Witham filed objections, and averred that his land would be damaged by the proposed change of road. He did not state the amount of damage he would sustain, but stated that he would be damaged, and stated in what particulars his land would be injured by the proposed change. Said objections and averments of damages were filed three days prior to the date, April 1st, on which the notice stated that the board would meet to consider same, and the same were before the board when it met on April 1st. The record shows:

"Ed Witham also objects to the proposition, as made by the commissioners, regarding the road through his farm. The board voted to abide by the decision of the appraisers, and ten-

dered this amount ($850) to Mr. Witham, but he refused to accept it.''

Later, Witham filed ''supplemental and additional objections and claim for damages,'' and the board acted upon same on April 11th. The record is:

''R. E. Witham was allowed $350 for fence and $500 for damages; full amount of warrant to be $850.''

The board from the beginning recognized, as shown by the proceedings, that Witham would sustain and would be entitled to damages on account of the proposed change of road. Witham was not defaulted or denied allowance of damages because he did not file claim for damages within ten days from the service of the notice upon him. The board did not refuse to award damages. The board allowed him damages in the amount of $850. The board at no time refused to allow him damages because he had not filed claim for damages within ten days, or because he had not filed claim stating amount of his damages, or because he had not filed a claim at all. The board, by its action, in effect waived failure to file claim within ten days from service of notice.

The record of dismissal of appeal by the district court does not disclose the exact reason therefor. Colloquy between the court and counsel discloses that the motion was sustained on the ground that no claim for damages was filed within the time (ten days) specified by statute. No appeal was taken from said ruling. We, of course, do not pass upon the correctness of that ruling.

However, it may be observed that, Witham having responded to the notice by filing objections to the proposed change of road, and asserting that such change would injure his farm, within the time stated in the notice, he was not barred from proving his damages. The board recognized that Witham had complied with notice. Witham, by his appeal from damages assessed under the notice, is estopped from claiming that' the notice for condemnation was insufficient. *Ellsworth & Jones v. Chicago & I. W. R. Co.*, 91 Iowa 386. The cases consistently hold that appeal from the board of supervisors from allowance of damages is an adequate remedy, and that the only appealable issue is from

the award of damages by the board. *Cedar Rapids, I. F. & N. W. R. Co. v. Whelan,* 64 Iowa 694; *Tharp v. Witham,* 65 Iowa 566; *Gray v. Iowa Cent. R. Co.,* 129 Iowa 68.

We hold that Witham, by his appearance before the board, by filing objections to the proceedings and claiming that he would be damaged by the proposed change of road, gave the board jurisdiction of his person and property. Cases supporting this holding are *Ross v. Board of Supervisors,* 128 Iowa 427; *Chrisman v. Brandes,* 137 Iowa 433; *Hoyt v. Brown,* 153 Iowa 324.

We reach the conclusion that the demurrer to answer should have been overruled. The case is—*Reversed and remanded.*

EVANS, PRESTON, and FAVILLE, JJ., concur.