Chicago & Northwestern Railway Company, Appellee, v. W. L. Sedgwick, County Treasurer, Appellant.

DRAINS: Establishment—Failure to Obtain Jurisdiction—Enjoining Assessment—Waiver. Failure in drainage proceedings to serve any valid notice on a property owner (1) of the proposed establishment of a drainage district, or (2) of the later proposed assessment, renders the entire proceedings void as to such property owner; and the collection of the assessment will be enjoined, even though the property owner did voluntarily and generally appear at the hearing on the confirmation of the assessment and filed objections thereto, and did not appeal from the adverse ruling thereon. .

Evans, C. J., and Vermilion and Morling, JJ., dissent.

Headnote 1: 19 C. J. pp. 727, 728, 747. .

Headnote 1: 60 L. R. A. 209, 217; 9 R. C. L. 636, 637.

*Appeal from Woodbury District Court.*—A. O. Wakefield, . Judge.

April 7, 1927.

Action in equity, commenced by the plaintiff railway company, to enjoin the county treasurer of Woodbury County, Iowa, from collecting a certain assessment claimed against the plaintiff by reason of the establishment of the Maple River Drainage District No. 1, in Woodbury County, and for the cancellation of the said assessment. The trial court entered a judgment and decree in favor of the plaintiff, granting the relief prayed. The defendant appeals.—*Affirmed.*

*Kindig, McGill, Stewart & Hatfield,* for appellant.

*Jepson, Struble, Anderson & Sifford* and *Davis, McLaughlin & Hise,* for appellee.

De Graff, C. J.—This appeal is from a decree granting the plaintiff, as a landowner in a drainage district, its prayer for injunctive relief against an alleged void assessment. The action finds its origin in the establishment of the Maple River

Drainage District No. 1 in Woodbury County, Iowa, and an attempted levy of an assessment against the right of way and property of the plaintiff railway company, which assessment, having been confirmed by the board of supervisors of said county and certified to the county treasurer and spread upon the tax list of said county, is now about to be collected.

The record facts are undisputed.   Under the instant facts, did the voluntary and general appearance of the plaintiff railway company before the board of supervisors at the time appointed for the hearing on the confirmation of the assessments constitute a waiver of jurisdictional defects and preclude the company from an injunctional remedy to prevent the enforcement of the assessment, no appeal having been taken by the company from the action of the board in confirming the assessment, and the record showing indisputably that no valid legal service was had on the company or appearance entered by it relative to the establishment of the district, and that no valid legal service was had on the company as to the confirmation of the assessment of benefits?   This question must be answered in the light of the objections of the plaintiff, when and where made.

It is apparent that the board of supervisors of Woodbury County had no jurisdiction of the railway company or its property in the instant matter in the initial step, and that its proceedings and acts in the establishment of the district with reference to the property of the railway company were void.   The statute governing the service of notice in this matter (Section 1989-a3, Code Supplement, 1913, Section 7442, Code of 1924) is mandatory and jurisdictional.   *Minneapolis & St. L. R. Co. v. Board of Supervisors,* 198 Iowa 1288; *Chicago & N. W. R. Co. v. Sedgwick,* 202 Iowa 33.

It is conclusively shown that, prior to the commencement of the proceedings before the board of supervisors for the establishment of the drainage district in question, the plaintiff railway company had filed in the office of the county auditor of Woodbury County an instrument in writing in conformity to statute, designating H. L. Adams as its agent on whom service of notice should be made, and that said instrument and designation remained on file in said auditor's office during all the proceedings in said drainage district matters.   No notice of the proposed establishment of the district was served, as required by

statute, and, as the method prescribed is exclusive and juris-
dictional, the plaintiff never entered the door of the first room.

There were but two ways whereby the plaintiff company
could be brought into the drainage district: (1) By service of
notice by registered mail at least twenty days before the hearing
on establishment, as required by Section 1989-a3, Code Supple-
ment, 1913, or (2) by the voluntary appearance of the railway
company before the board in the establishment proceedings.
Neither of these things was done. The drainage district in this
case was legally established and valid as to all landowners
legally served with notice. *Ross v. Board of Supervisors*, 128
Iowa 427. The establishment of the district by the board be-
came conclusive upon all non-appearing parties served with
legal notice thereof that the lands included received some benefit,
and no landowner may thereafter assert that his land was not
benefited. *Thompson v. Board of Supervisors*, 201 Iowa 1099.

The record further discloses that the board, by resolution,
appointed a date certain, at which time objections to the classifi-
cation and assessments would be considered by the board, and
fixed a time when such objections could be filed in writing with
the county auditor. No notice of this matter was served upon
the designated agent of the plaintiff railway company, but it is
shown that said company did, within the proper time, file writ-
ten objections to the proposed assessment against its property,
and that these objections were considered by the board of super-
visors and overruled. It is upon these objections that the de-
fendant-appellant predicates the waiver, and alleges in the
answer to the petition of plaintiff in this case that the plaintiff,
having failed to take an appeal from the action of the board in
this particular, cannot now collaterally attack said proceeding
by way of injunction.

In *Minneapolis & St. L. R. Co. v. Board of Supervisors*,
supra, it is said:

"Neither could a proper service of the notice of the fact of
the levy of the assessment confer jurisdiction upon appellant
with regard to the initial proceedings for the establishment of
the drainage district."

We are, therefore, confronted with the question, Did the
objections filed by the railway company at the time, as hereto-
fore recited, constitute a waiver of the jurisdictional defects in

the initial proceedings? We have repeatedly held that jurisdictional defects are not waived by a failure to appear and object to an assessment, or a failure to appeal from an order adopting an assessment resolution. Equity will grant relief by injunction against an assessment void for want of jurisdiction. *Bennett v. City of Emmetsburg*, 138 Iowa 67, 85.

A waiver is the voluntary and intentional relinquishment of a known right, benefit, or advantage, and " 'depends upon what one himself *intends* to do.' " *Howe v. Sioux County*, 180 Iowa 580, with cases cited.

The record in the instant case not only fails to show any intention on the part of the appellee railway company to waive or relinquish its constitutional and statutory right to notice and hearing in the initial proceedings relative to the questions of establishment, damages, wisdom of the project, and whether or not its property should be included in the drainage district, but shows affirmatively that said appellee did not intend to waive or relinquish such right, and the objections of the appellee do challenge the jurisdiction of the board because of its failure to comply with the statutory requirements relative to such establishment, damages, etc.

We are not to be understood that, under certain circumstances, a property owner in a case of this character might not be bound by waiver. In other words, the facts might disclose that the jurisdiction in the first instance was waived, and that he appeared for the purpose of protest, and made objections in other particulars.

"In other words, *while there may be no waiver or estoppel where the law confers no jurisdiction of the subject-matter*, yet, where such jurisdiction is given, mere omission or irregularity in some of the initial steps by which the proceedings are instituted, or in interlocutory matters pertaining to the conduct and development of the proceedings, may always be waived by the party entitled to object thereto, and, when that waiver once becomes effective, it cannot be withdrawn or its effect neutralized by any act on his part." *Clifton Land Co. v. City of Des Moines*, 144 Iowa 625.

However, "if the proceedings were such as to render the assessments absolutely void, then a court of equity has the power to enjoin the collection of such void assessment. Such have been

our repeated holdings." *Manning v. City of Ames,* 192 Iowa 998, with cases cited.

It is said in *Union Petroleum Co. v. Indian Petroleum Co.,* 192 Iowa 1373:

"The fact that no appeal was taken from the assessment made, is not fatal to the objections made by the receiver to the assessment. A void assessment is not subject to statutory provisions governing an appeal from a valid assessment."

. Again:

"The power to assess and levy the tax depended upon the legality of what had been done. The ditch had really been constructed by acts of trespass, as the board could have seen, and probably did see. For the construction of such a ditch we do not think that the board had power to assess and levy the tax, and they should have refused to do so." *Shepard v. Supervisors of Johnson County,* 72 Iowa 258.

The rule is well established that the statutory conditions precedent to the order or the making of a public improvement must be strictly followed.

"As these are essential to the exercise of power by the city council, they are jurisdictional, without which all subsequent proceedings are invalid." *Davenport Locomotive Works v. City of Davenport,* 185 Iowa 151, 155.

This doctrine runs through all our decisions.

"If the tax is void, as claimed by the plaintiffs, equity will grant relief." *Chicago, M. & St. P. R. Co. v. Phillips,* 111 Iowa 377, 380.

If the city council had no authority whatever to assess the property of plaintiff for this improvement, then plaintiff may enjoin the enforcement of the assessment without resorting to the appeal thus provided for.

. In *Manning v. City of Ames,* supra, it was held that the assessments levied for the work done were void, since "the whole proceeding, from beginning to end, was without any jurisdiction * * *. A court of equity had the undoubted jurisdiction to enjoin the collection of any and all assessments levied against the property owners for any of the work done" upon the streets in question.

In *Bates v. City of Des Moines,* 201 Iowa 1233, it is pointed out that the district plan was not adopted, and consequently the

council was wholly without authority or jurisdiction to make the assessment in question, although the defendant contended that the objections filed with the city council did not raise this question.    It is said:

"The assessment upon plaintiff's lots, therefore, is absolutely void, and should be annulled though no objections whatever were filed with the city council; and it may be annulled on appeal, as well as by independent suit in equity" (citing cases).

Did the instant appellee waive the initial jurisdiction? We necessarily turn to the objections filed to the classification schedule proposed by the board. They disclose that the plaintiff attempted to point out to the board the reasons why the contemplated assessment should not be made; but the fact stands that the railway company did not waive the statutory requirement as to notice relative to the establishment of the district. The railway company was under no legal obligation to offer any reasons, and might have said, as Falstaff did:

"If reasons were as plentiful as blackberries, I would give no man a reason upon compulsion."

The railway company, however, was not under compulsion, but it voluntarily appeared, in an attempt to educate the board to its viewpoint of statutory requirements. This was the gist and the essence of the objections. The primary protest is found in these words:

"That the board of supervisors of Woodbury County, Iowa, is without jurisdiction to make or levy said assessment, or to approve said report and classification of said commissioners, or to take any action relative thereto, except to dismiss the same, for the reason, among others, that said board of supervisors has not complied with the law in the establishment of said drainage district, and has never obtained, and has not now, jurisdiction to proceed in the matter."

It was the railway company that was making the objection, and it was the assessment as to it to which the objections relate. Other matters recited in the objections in no sense tended to cure or waive the fatal omission to give the notice essential to confer jurisdiction in the establishment of the district in relation to the property of the railway company. Of course, if a property owner appears in the initial proceedings, files objections, or otherwise takes part in the proceedings relative to the

establishment or construction of an improvement, jurisdiction exists, whether there has been service of notice or not. *Gilcrest & Co. v. City of Des Moines,* 157 Iowa 525; *Ross v. Board of Supervisors,* 128 Iowa 427; *Chrisman v. Brandes,* 137 Iowa 433; *Mackay v. Hancock County,* 137 Iowa 88; *Goeppinger v. Boards of Supervisors,* 172 Iowa 30.

In *Witham v. Union County,* 198 Iowa 359, a strip of farm land for a highway was involved, by virtue of certain condemnation proceedings. This case is distinguishable from the case of *Minneapolis & St. L. R. Co. v. Board of Supervisors,* supra, in that the former involved the sufficiency of the notice; the latter, the service of any legal notice. In the *Witham* case, there was a service of notice, but it was a defective notice that was served. In the *Minneapolis & St. L. R. Co.* case, there was no legal service whatsoever, and consequently no jurisdiction *ab initio.*

In the *Witham* case, the plaintiff appeared at the initial proceedings, and we held that plaintiff, "by his appearance before the board, by filing objections to the proceedings, and claiming that he would be damaged by the proposed change of road, gave the board jurisdiction of his person and property."

In the case at bar, the board of supervisors was privileged to do a certain thing, but it was obligated to do that thing in the manner provided by law. It had an affirmative duty to perform. The defendant cannot now say that, by reason of the entrance of the plaintiff into the second room for the purpose of pointing out to the board divers reasons for non-liability, without waiving jurisdictional defects, the plaintiff is nevertheless bound.

We do not deem other propositions presented in briefs and arguments of controlling importance. With this view of the situation, the decree is—*Affirmed.*

. STEVENS, FAVILLE, and ALBERT, JJ., concur.

EVANS, C. J., and VERMILION and MORLING, JJ., dissent.

MORLING, J. (dissenting).—In 1920, the board of supervisors of Woodbury County established a drainage district, which included within its boundaries a part of the right of way of the plaintiff. The plaintiff had on file in the auditor's office a designation of an agent upon whom service of notice might be made

by registered letter, as provided by Section 1989-a3, Code Supplement, 1913. Notice of the petition for establishment was not given to the agent, as required by this section. The railroad company did not appear to the establishment proceedings, and hence the establishment was, as to the plaintiff, invalid. *Minneapolis & St. L. R. Co. v. Board of Supervisors*, 198 Iowa 1288; *Chicago & N. W. R. Co. v. Sedgwick*, 202 Iowa 33. Commissioners to assess benefits were appointed, and reported, date for hearing objections was set, and notice given, but notice by registered mail to the designated agent of the plaintiff was not given. On the date set for hearing, the plaintiff filed with the board written objections to the proposed assessment against it. The objections read:

"The undersigned railway company hereby objects to the report, classification, and assessment, and to each and every portion thereof heretofore made and filed by the commissioners in the above matter, and to all acts and proceedings of said commissioners and of said board of supervisors and auditor of said county relating thereto, and objects to the making, returning, levying, or assessing any tax or special assessment in said matter against said railway company's right of way or property for the cost of said improvement, or any portion thereof, or for any other purpose, and especially objects to the proposed assessment contained and proposed in said report and classification, in the sum of $3,000, and as grounds for said objections states: 1. That the commissioners appointed to assess benefits did not, in making said assessment, classify the land included in the right of way of said railway company across said drainage district in tracts of forty acres or less, according to the legal or recognized subdivisions, as required by statute, but assessed the same sum of $3,000 against said railway company and its right of way included within said drainage district in one lump sum."

Here follow 17 grounds of objection, 18 in all, in substance alleging that the assessment was in excess of benefits to plaintiff's right of way, disproportionate, inequitable, made upon a wrong basis. The fifth objection was:

"That the right of way and lands of said railway company included within the said drainage district will be in no way benefited by said drainage district or improvements, and should not be included in the assessment of benefits; that the said pro-

posed assessment of benefits against the right of way and lands of said railway company in said drainage district is higher than the assessment proposed against other lands in said drainage district; that the said right of way and property is now adequately and sufficiently drained for the purposes for which same is used; that said right of way and property can be drained into the low places and swales, as well and completely without said proposed improvements as with them, and proposed improvements will in no manner aid or facilitate drainage of said right of way or property of said railway company.''

The objections set up that the commissioners failed to inspect or classify the railway property, as required by law, and failed to conform to the law in respect thereto. The objections set up a number of constitutional and statutory provisions, and alleged that under them the board was without power to establish the district or levy an assessment against the property of this railway company for benefits supposed to accrue thereto or for any portion of the cost of the improvement. The tenth, in substance, set out that the proposed assessment will be void for want of jurisdiction, for the reason that the statute under which the proceedings were had is unconstitutional, in that it authorizes the levying of special assessments against the right of way without affording the railway company or property owners a hearing at any time, either before the board or any other tribunal, on the question whether or not the land and property proposed to be assessed should be included within the district, or will be benefited, or whether the cost will be a greater burden than the land should bear.

The objections set out that the statute under which the proceedings were had, particularly Chapter 68, Acts of the Thirtieth General Assembly, and amendments thereto, was violative of the due-process provisions of the Constitution, and a denial of uniformity and of the equal protection of the law. The eighteenth ground was as follows:

''That, if the said drainage district, ditches and drains therein contemplated are constructed, as proposed, the same will constitute and be an actual damage and menace to said railway company, its right of way and property, and will cast, divert, and throw large volumes of water upon said railway company's property that would not otherwise or naturally flow thereon;

and because of said matters and things, the said proposed improvements will be an actual damage, instead of a benefit, to said railway company, its right of way and property within the said proposed district.''

It was not alleged, however, that notice of the proceedings was not given to the plaintiff.

The prayer of the objections is as follows:.

''Wherefore, because of all the matters and things hereinbefore mentioned and set forth, the undersigned prays that the board of supervisors deny, disapprove, and dismiss said report, classification, and assessment, and that no assessment of benefits be made under said report and classification, and hereby asks that the assessment against this railway company in the sum of $3,000 be canceled, and ask for such other and further relief as may be just and equitable.''

The plaintiff in this proceeding relies particularly upon the ninth objection, as follows:

''That the board of supervisors of Woodbury County, Iowa, is without jurisdiction to make or levy said assessment or to approve said report and classification of said commissioners, or to take any action relative thereto, except to dismiss the same, for the reason, among others, that said board of supervisors has not complied with the law in the establishment of said drainage district, and has never obtained, and has not now, jurisdiction to proceed in the matter.''

Plaintiff also relies upon the seventh ground of objection, as follows:

''That the said alleged classification and assessment of the right of way and property of the said railway company in said district, as shown by said report, is not in conformity with law, but is illegal, unlawful, and void, and the upholding and enforcing of the same will constitute the taking of private property without just compensation, and without due process of law, contrary to Section 1 of the Fourteenth Amendment to the Constitution of the United States.''

As will be seen, before the assessment was confirmed or levied, the plaintiff made its objections before the board, not that the board had failed to obtain jurisdiction of it or of its property, but extensively that its right of way had adequate means of drainage, was in fact adequately drained, and would not be

benefited; that the drain would be a damage, instead of a benefit; that the proposed assessment against plaintiff's property was not made in conformity to the law, was inequitable, disproportionate, in excess of benefits; and that the entire drainage law was unconstitutional. It was nowhere set up that the board had failed to get personal jurisdiction of the plaintiff, or that plaintiff had not been served with notice. The ninth objection, rather than in the nature of a special appearance to object to the jurisdiction over the party, was an objection to the jurisdiction to make the assessment as a whole, or to take any action except to dismiss the report. The prayer was for the dismissal of the report, and that no assessment be made under it, and that the assessment against the plaintiff in the sum of $3,000 be canceled, and for general equitable relief.

It is not contended, nor is there any ground brought to our attention for contending, that the establishment of the district was invalid as to anyone except the plaintiff. Apparently quite a large territory, in seven sections, owned by a number of persons, was embraced in the district, pursuant to published notice addressed to such owners. The plaintiff's points in this court are that the failure to give the notice by registered mail to the party entitled thereto renders all subsequent proceedings void as to such party, and that the establishment of the district without it constitutes a confiscation as to it. The argument is that, since jurisdiction of the plaintiff to establish the district had not been acquired, the subsequent proceedings were, as to plaintiff, wholly void; that objections to the assessment proceedings specifically challenging the jurisdiction could not constitute a waiver of the failure to obtain jurisdiction in the initial proceedings.

On the record before us, the district was legally established. The defect was not in the establishment generally, but in the establishment as to plaintiff, and in the inclusion of its right of way as the foundation for making an assessment against its property. The other landowners could not object, and it does not appear that they do object to the establishment on the ground of failure to notify plaintiff, or for any other reason. *Ross v. Board of Supervisors,* 128 Iowa 427. The res before the board of supervisors was the establishment of the district and the fixing of its boundaries. The board had jurisdiction of that. It also had jurisdiction of the other property owners. The defect

in the jurisdiction, therefore, was not as to the subject-matter or as to the person or property of anyone except the plaintiff. *In re Appeal of McLain*, 189 Iowa 264. The object of the requirement of notice to plaintiff was to give plaintiff an opportunity to be heard upon the question whether the district should be established, and specifically whether its property should be included, and to make claim for damages. It is not, and of course would not be, denied that the plaintiff might waive a hearing upon these matters, either generally or at the particular time at which the general hearing was had. The plaintiff, though not heard originally, might ask to be heard at a later date. The law as it is now, seems to make provision for re-establishment in cases in which, for any reason, the proceedings have failed. Code of 1924, Section 7553. The law then and now, when it is discovered at the hearing that a landowner has not been notified, requires an adjournment and the giving of notice. Section 1989-a3, Code Supplement, 1913.

It does not appear that contract had been let or the ditch constructed before the plaintiff's objections were made and the assessment confirmed. The record would indicate the contrary. The hearing on the application for establishment was set for April 6, 1920; the district was established June 8, 1920. Commissioners to assess benefits were appointed July 15, 1920, hearing fixed for September 14, 1920, the objections filed; hearing had and assessment confirmed on September 23, 1920. There is no claim, and nothing in the record to sustain the claim, if made, that anyone would have been prejudiced if the order of establishment had been opened and a rehearing had. Under these circumstances, the board had authority, on plaintiff's objections filed, to rescind its action or to reconsider. *Supervisors of Mitchell County v. Horton*, 75 Iowa 271; *State ex rel. Sullivan v. Ross*, 82 Neb. 414 (118 N. W. 85); 19 Corpus Juris 665. The plaintiff knew, when it filed its objections, that the service by registered letter had not been made upon its agent. In considering the course to be adopted, the plaintiff had before it the alternative of specifically raising the objection, asking that the proceedings be set aside in their entirety, and leaving the project open to entirely new proceedings and general hearing, or of asking merely for a hearing on the question of benefits to its right of way, including it in the district, and assessing it. The ultimate

purpose of the proceedings, from the standpoint of the public, was the levy of the tax. Notice and opportunity to be heard before the tax was levied would serve the purpose of due process. *Yeomans v. Riddle,* 84 Iowa 147; *Ross v. Board of Supervisors,* 128 Iowa 427. If the statute had not provided for any notice of the proceedings prior to the hearing upon the proposed assessment, and had provided for notice of that hearing, it would (so far as the levy of the tax is concerned) have answered the requirements of due process. Idem. Before the proceedings had culminated in a tax or assessment, and at the hearing on the proposal to levy the assessment, the plaintiff appeared, and filed its objections to the proposed assessment. The objections very clearly were prepared by a skillful lawyer, and were aimed at the assessment, and at the statute under which it was to be levied, as unconstitutional. The tenth objection set out specifically that the assessment would be void for want of jurisdiction, not because of absence of notice or non-compliance with the statute, but because the statute is unconstitutional, in that it authorizes an assessment without a hearing on the question whether the property should be included, etc. The objections did not even remotely suggest that the plaintiff had not received the notice which the law demanded, and that the proceedings as to it were therefore void. If this objection had been made, the board would have been in position to have stopped further action, and the parties interested, as suggested, would have had the opportunity, at least, to have begun anew. If contract had been let (which does not appear), the other property owners and the contractor would have had opportunity to protect themselves by not going on with the work; and if it had not then been let, the officials and property owners could have refrained from involving themselves in incurring the obligations of a contract. On the other hand, the plaintiff could content itself by submitting to a hearing then on the question whether its right of way should be included and assessed, without taking action that would result in a general hearing. Plaintiff adopted this latter course. It would be entirely gratuitous to say that the plaintiff had in mind the rule applicable to some cases, that a property owner who stands by and sees the improvement made, with knowledge that it is expected to assess his property for it, and makes no objection, is estopped; and that plaintiff was making a

masked objection, so as to get the benefit of the improvement, and at the same time avoid the charge that it stood by without objection. As such bad faith is not to be imputed to the plaintiff, the only alternative is that plaintiff did not intend to raise the objection that it had not had the notice to which, by the statute, it was entitled, did not want a general hearing, was contented to have the hearing on the specific question raised in the objections filed, particularly whether its own property should be included and assessed, and made its objections specifically with that purpose in view. It seems to us clear, therefore, that the plaintiff by its objections waived the failure of the auditor to give to its agent the notice by registered letter. It follows that the plaintiff voluntarily submitted itself and its property, and the question whether its right of way should be embraced in the district and assessed, to the board for determination in the hearing on the assessment. As has been noted, the board had jurisdiction of the subject-matter and of all of the parties except the plaintiff, and it was a personal matter with the plaintiff whether it would waive the want of jurisdiction as to it and its property. The objections that were made to the jurisdiction were objections founded upon the alleged invalidity of the statute. The other landowners and the board could not have understood from them that the plaintiff was objecting on the ground that notice in the original proceedings had not been given by registered letter to plaintiff's agent. While objections in drainage proceedings need not be in any particular form, they must be such as to fairly point out or reasonably suggest the point intended to be made. If the particular objection is not suggested, or if the objections as made are misleading, the objector is not entitled to claim anything on account of them. *Kimball v. Board of Supervisors*, 190 Iowa 783, 788; *Lightner v. Greene County*, 156 Iowa 398, 402. The plaintiff's objections under consideration were not informal or unskillfully drawn, but formal and skillful, and with the object, as we must assume, of presenting the precise objections which the plaintiff desired to urge. It would be intolerable that, after making and urging such objections, and permitting the board and landowners and the contractor to proceed on the assumption that they were the objections that the plaintiff was making, the plaintiff should later be permitted to mend its hold and set up the objection which is now made, after all concerned

had acted to their prejudice on the objections made and plaintiff's failure to prosecute them by appeal. The doctrine which courts apply to their own procedure in these respects has been applied by analogy to special assessment procedure and to the board regarded as a special tribunal. *Lake Bowling Alley, Inc., v. City of Richmond,* 116 Va. 429 (82 S. E. 97) ; *City of Hoopeston v. Smith,* 272 Ill. 604 (112 N. E. 266) ; *Burkley v. City of Omaha,* 102 Neb. 308 (167 N. W. 72) ; *Nicholes v. People,* 165 Ill. 502 (46 N. E. 237). If the proceedings had been in a court of justice, instead of before the special tribunal appointed to act in such cases, and the plaintiff had appeared there and filed the objections which it made before the board, implying the jurisdiction of the court over it, and taking the chance of asking for a favorable ruling on the merits, and had been defeated, as it was before the board, it could not claim that it had never been in court at all and that the court had no jurisdiction over it. *Lake Bowling Alley, Inc., v. City of Richmond,* 116 Va. 429 (82 S. E. 97, 99) ; *City of Hoopeston v. Smith,* 272 Ill. 604 (112 N. E. 266) ; *Alderson v. White,* 32 Wis. 308; *Corbett v. Physicians' Cas. Assn.,* 135 Wis. 505 (115 N. W. 365) ; *Bestor v. Inter-County Fair,* 135 Wis. 339 (115 N. W. 809) ; *Barkhurst v. Nevins,* 106 Neb. 33 (182 N. W. 563) ; *Swecker v. Reynolds,* 246 Pa. St. 197 (92 Atl. 76) ; *Gilbert v. Hall,* 115 Ind. 549 (18 N. E. 28) ; *MacKenzie v. MacKenzie,* 238 Ill. 616 (87 N. E. 848) ; and cases in 4 Corpus Juris 1333 *et seq.* Though the judgment had been rendered before the objections were filed, the plaintiff would, nevertheless, have been bound by the result, and its only remedy would have been by appeal. *Dikeman v. Struck,* 76 Wis. 332 (45 N. W. 118) ; *Molsberry v. Briggs,* 176 Iowa 525; *Fowler v. Continental Cas. Co.,* 17 N. M. 188 (124 Pac. 479) ; *Montgomery v. Cameron & Co.,* 49 Okla. 179 (152 Pac. 398) ; *Myers v. Chamness,* 102 Okla. 131 (228 Pac. 988) ; *Pierce v. Hamilton,* 55 Colo. 448 (135 Pac. 796) ; *Norfolk & O. V. R. Co. v. Consolidated Turnpike Co.,* 111 Va. 131 (68 S. E. 346; Ann. Cas. 1912A 239) ; *Dailey Motor Co. v. Reaves,* 184 N. C. 260 (114 S. E. 175) ; *Smith v. Smith* (Tex. Civ. App.), 123 S. W. 198; *Ellsworth & Jones v. Chicago & I. W. R. Co.,* 91 Iowa 386; *Eureka Steam Heat. Co. v. Sloteman,* 67 Wis. 118 (30 N. W. 241) ; 4 Corpus Juris 1341. This would have been true though the objections had been voluntarily dismissed. The proceedings were under the control of the

court, and the dismissal would have amounted to a voluntary consent to let the judgment stand. *Marsden v. Soper*, 11 Ohio St. 503. I perceive no reason why a rule more favorable to objectors in proceedings to impose a tax upon their property before a municipal board should be applied than is applied by the courts in actions to recover money or property. It seems to me that plaintiff has waived the failure to serve by registered letter the notice upon its designated agent, and is also estopped from now raising that objection.

EVANS, C. J., and VERMILION, J., join in this dissent.