MARTHA J. SWIFT, Appellant, v. BOARD OF SUPERVISORS OF DAVIS COUNTY et al., Appellees.

HIGHWAYS: Where All Parties Consent and Request. An unqualified written request to the board of supervisors to establish a specified highway, signed by all the owners of land which will be taken for the highway, empowers the board to proceed to the establishment of the highway without the appointment of a commissioner, without the service of notice to anyone, and without regard to undisclosed claims for damages in favor of any petitioner.

*Appeal from Davis District Court.*—C. W. VERMILION, Judge.

FEBRUARY 17, 1919.

CERTIORARI proceedings to test the authority of a board of supervisors in establishing a highway. On hearing, the proceedings were dismissed. Plaintiff appeals.—*Affirmed.*

*Henry C. Taylor* and *Buell McCash,* for appellant.

*T. A. Goodson,* for appellees.

LADD, C. J.—On February 29, 1916, a petition was filed, in words following:

"To the Board of Supervisors of Davis County, Iowa:

"The undersigned ask that a highway 60 feet wide, commencing at the center of Section 12, Twp. 69 N., R. 14 W., running thence W. along the center line of Section 12 about one-fourth mile; thence S. one-fourth mile to intersect the present highway; and terminating at or near the school-house grounds, be established.

"Martha J. Swift, Larrissa A. Adams, Hardy Richardson, R. G. Hardy, G. E. Mather, F. L. Stanford, and twenty-eight others."

The road petitioned for was, on the 30th of December, 1916, by resolution of the board of supervisors, "established and same hereby become a public highway from the passage of this resolution, and the county will put same in traveling condition." This was followed with a provision relating to an arrangement with one Adams, concerning connecting roads. The plaintiff was owner of the N½ SW¼ of said Section 12, except the east 6¼ acres, and this appeared on the transfer books. This land had been owned by her for many years. It abutted on the roads sought to be established and vacated respectively; but, though she had a claim for damages to file because of such establishment, she neither notified the board of supervisors thereof nor filed such claim.

Had the board of supervisors authority to establish the

highway petitioned for, under Section 1512 of the Code, or must the procedure prescribed in Code Section 1484 *et seq.* have have been followed? Appellant contends that the latter course must have been pursued. The language of the petition was that of the form set out in the above section, and counsel argue that the sections following were not complied with, in that: (1) No road answering the description in the petition was established; (2) no bond was given, as required by Code Section 1485; (3) no one was appointed commissioner, as exacted in the next section; (4) no report of commissioner was filed with the county auditor, under Code Section 1488; (5) no day was fixed when the report would be acted on, before which all objections and claims for damages should be interposed (Code Section 1493) ; and no notice was served or published, as exacted by Section 1495, Code Supplement, 1913. Such, ordinarily, must have been the general course of procedure, had the petition not been signed by all those owning the strip of ground proposed to be used,—though the requirement of a bond has been held to be directory (*State v. Barlow,* 61 Iowa 572) ; and those who signed the petition are not in a situation to complain of not being served with notice, if no damages are claimed by them. *Sullivan v. Robbins,* 109 Iowa 235. As to all others, service of notice, such as is prescribed in Section 1495 of the Code Supplement, 1913, is jurisdictional. *Moffitt v. Brainard,* 92 Iowa 122; *Chicago, R. I. & P. R. Co. v. Ellithorpe,* 78 Iowa 415; *State v. Anderson,* 39 Iowa 274; *Snyder v. Foster,* 77 Iowa 638; *State v. Berry,* 12 Iowa 58. As appellant claimed damages, she might be heard to complain of not having been served, but for Section 1512 of the Code, which declares that:

"Roads may be established without the appointment of a commissioner, if the written consent of all the owners of the land to be used for that purpose be first filed in the

auditor's office; and the board, if satisfied that the pro-
posed road is of sufficient public importance to be opened
and worked by the public, shall make an order establishing
the same. If a survey is necessary, the board, before order-
ing the same, may require the parties asking such establish-
ment to pay or secure the payment of the expenses thereof."

The consent contemplated in this section is unquali-
fied, unconditional, and absolute in its nature, and, upon
the filing of such a consent of all the owners of the land to
be used, the board of supervisors may, but are not bound
to, establish the road. If the consent is on some condition,
as that a claim of damages shall be filed and considered, or
on some other contingency, then it is not such as to author-
ize the board to proceed without the appointment of a com-
missioner. That "all the owners of the land to be used"
signed the petition is not questioned. Did they thereby.
consent to the establishment of the highway? They thereby
asked in writing that it be established, and how were it
possible to so request without consenting that this be done?
To ask necessarily implies consent that the thing requested
be granted; and, in petitioning for the establishment of
this road, every signer necessarily consented in writing that
the board of supervisors establish the road. All are pre-
sumed to have concurred in filing the petition, and must
have known that they constituted "all the owners of the
land to be used;" and, having so filed a petition carrying
an absolute and unconditional consent to the establish-
ment of the highway, neither plaintiff nor any other is in
a situation to object to an order establishing the highway,
as authorized by Section 1512 of the Code. If not content
with such course, the owner's name must have been with-
drawn, or the consent qualified in a manner to render it
ineffectual as consent. All owners of the land to be used
having consented to the establishment of the road, the neces-
sity of appointing a commissioner to report might be dis-

pensed with, and so doing obviated the requirement of service of notice personally and by publication. *Heery v. Roberts*, 186 Iowa —— (May 14, 1919).

Under Chapter 1 of Title VIII of the Code, anyone, whether an abutting owner or not, may petition for the establishment of a highway for the public; and the procedure prescribed in Section 1484 *et seq.* is to be pursued. If "all the owners of the land to be used" for such highway join in a petition to the board of supervisors requesting such establishment, thereby giving written consent thereto, the appointment of a commissioner is unnecessary. Section 1512, Code. A day for hearing objections and claims for damages is to be fixed only upon a favorable report of the commissioners (Section 1493, Code), and only on the fixing of such day is notice, personal and by publication, exacted by Section 1495 of the Code Supplement, 1913. By implication, then, fixing a day for hearing and service of notices is dispensed with by the elimination of a commissioner, under Section 1512 of the Code.

We are not saying that the board of supervisors may not, in a case like this, appoint a commissioner, and pursue the procedure prescribed in Section 1484 *et seq.*, but that where, as in a case like this, all the owners of land to be used consent in writing, by asking the board of supervisors to establish a road, that body is authorized so to do without the appointment of a commissioner or the service of notice, personal or by publication, even though one of such owners has a claim of damages which has not been filed, and the intention to file is undisclosed.

We are of opinion that the board of supervisors acted within the authority conferred by Section 1512 of the Code, in establishing the highway. The point is made that the description of the road in the petition is too vague and indefinite to invoke action (*Yengel v. Allen*, 179 Iowa 633); but, as this question was not raised in the trial court, it

ought not be reviewed on appeal. We are content with the order of the trial court in dismissing the proceedings in certiorari, and the same is—*Affirmed.*

Evans, Preston, and Salinger, JJ., concur.