MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY, Appellee, v.
BOARD OF SUPERVISORS OF MARSHALL COUNTY et al.,
Appellants.

**DRAINS:** Establishment—Jurisdiction—Failure to Serve Designated
1   **Agent.** Jurisdiction over a property owner is not acquired by news-
paper publication of notice of the proposed establishment of a
drainage improvement when the property owner has, by proper
writing filed with the county auditor, designated his agent on
whom service should be made, and when such agent is not served;
neither is jurisdiction acquired by the proper service on the agent,
of notice of a proposed *assessment*, and by the appearance of the
property owner thereto.   (See Sec. 7442, Code of 1924.)

**DRAINS:** Establishment—Jurisdiction—Waiver of Notice.   Service of
2   notice of the proposed establishment of a drainage improvement
may not be deemed waived because the property owner, prior to
the service of any notices, had some indefinite and informal con-
versation with the board of supervisors relative to the location of
said improvement.

*Appeal from Marshall District Court.*—JAMES W. WILLETT,
Judge.

DECEMBER 11, 1924.

APPEAL from a drainage assessment.   The trial court can-
celed the assessment, on the ground that no jurisdiction had
been obtained of the plaintiff, against whom the assessment was
made.   The board of supervisors and the drainage district ap-
peal.—*Affirmed.*

*E. N. Farber* and *Don B. Shaw*, for appellants.

*C. H. E. Boardman*, for appellee.

FAVILLE, J.—I.   It appears that, on or about the 15th of
December, 1917, there was filed with the board of supervisors
of Marshall County, a petition for the establishment of a drain-

1. DRAINS: establishment: jurisdiction: failure to serve designated agent. age district, which is known in the record as Iowa Drainage District No. 1. The board appointed an engineer, who made a report in March of 1918; and on or about that time, at a meeting of the board of supervisors, the county auditor was directed to cause notice to be served upon all persons, as prescribed by law, that a hearing on the matter of the establishment of said drainage district would be held on April 30, 1918. Thereafter, the county auditor gave notice of said proceeding by publication in a newspaper in Marshall County, and appellee herein was named as a party in said published notice. The record also affirmatively shows that, on or about September 28, 1915, appellee filed with the county auditor of Marshall County, an instrument in writing, duly signed, and designating the name and post-office address of its agent upon whom service of notice in connection with all drainage matters should be made. This written instrument fully complied with the requirements of the statute.

Appellee made no appearance before the board of supervisors at the time set for the hearing on the establishment of said district, and filed no objections and took no part whatever in said proceedings at said time, or until the levy or assessment for damages was made in said matter. At that time, appellee was duly notified, as provided by statute, of the levy of said assessment, and filed its objections thereto before the board of supervisors, and appealed from the action of said board, to the district court.

The sole question raised by appellee in its objections to the levy of said assessment is that no jurisdiction was ever acquired of appellee in respect to the establishment of said drainage district, and therefore its property cannot be subjected to assessment for the construction of the improvement.

Under the provisions of Section 1989-a3, Code Supplement, 1913, it is provided that:

"When any resident, nonresident, corporation, railroad company, or other persons owning or having an interest in any land or property affected by the proposed improvement shall have filed with the county auditor of the county wherein such improvement is proposed, an instrument in writing, duly signed,

and designating the name and post-office address of his or its agent upon whom service of notice in said matter shall be made, the county auditor shall, at least twenty days prior to the date set for hearing upon said petition, mail a true copy of said notice in a registered letter addressed to the person or agent so designated in said written instrument, as aforesaid.''

It is conceded that a written instrument, as provided in the statute, duly signed, was on file in the office of the county auditor of Marshall County, and had been since September, 1915, and that no copy of the notice of the hearing on the establish-·ment of the proposed drainage district was sent, by registered mail, to the agent so designated.

The statute is clear, concise, and, we think, mandatory in its terms, and expressly provides that, where a written instrument designating the agent that shall be served with notice · of proceedings in drainage matters has been filed with the county auditor, said county auditor ''shall * * * mail a true copy of said notice in a registered letter addressed to the person or agent so designated in said written instrument.'' The purpose of this statute is quite obvious. By this means it enabled a non-resident, or one who might not take the paper in which such notice would be published, to be apprised of the proceedings by receiving the notice by registered mail.

It required an affirmative act on the part of the landowner, to come within this provision of the statute; but it is admitted in this case that appellee did strictly comply with the statute, and filed with the county auditor the proper designation of agent upon whom service should be had. Any landowner who might be affected by the establishment of a drainage district, having complied with this provision of the statute, certainly had a right to rely upon the fact that the statute would be complied with, and that any notice of the institution of drainage proceedings would thereafter be served by sending a copy of the notice, by registered mail, to the agent so designated.

The requirement to serve the notice in compliance with this statute can be nothing less than jurisdictional. It must be held that a failure to comply with this provision of the statute, under the circumstances, gave the board of supervisors no jurisdiction of appellee, and that the proceedings as to it were void.

Appellant contends that, inasmuch as the notice was published in a paper in Marshall County, as required by statute, and as appellee was named in said notice, there was, in effect, a service of the notice, and that the failure to send the notice by registered mail to the designated agent, was merely a defect in the service of the notice: in other words, that it was not a case of a want of jurisdiction because of no notice, but merely a defective notice, and that prejudice resulting therefrom would have to be shown.

The difficulty with appellant's contention at this point is, however, that the statute makes no such provision whatever. It may be conceded that, if no agent had been designated by appellee, the notice published in the paper would have given the board of supervisors jurisdiction to proceed in the matter; but the statute expressly provides that, where a written instrument designating an agent has been so filed with the county auditor, in giving notice of the proceedings the county auditor "*shall*" serve the same upon such designated agent, by registered mail. To hold that, under these circumstances, this may be entirely neglected by the auditor, is to hold that jurisdiction in a matter of this kind may be obtained in a manner other and different than that designated by the statute. We cannot, by judicial interpretation, eliminate from the statute the plain and express requirements that were inserted therein by the legislature. The statute expressly provides exactly how the service of such notice shall be made, under such circumstances as are disclosed in this case. It is conceded that the notice was not served in that manner, nor was any attempt made to serve it in any substantial compliance with the manner provided by the statute. Therefore, it of necessity follows that no jurisdiction was obtained of appellee at the initial step in the proceedings, and that the subsequent proceedings were, of necessity, void.

We are not unmindful of the fact that, under the provisions of the statute, the drainage acts are to be liberally construed for the purposes of effectuating drainage; but we cannot carry such liberal construction to the extent of holding that a service of notice which is expressly provided for by the statute can be entirely ignored, and that jurisdiction can still be claimed to have attached.

II.   It is contended by appellant, however, that appellee waived the necessity of the service of such notice, and took part in the proceedings, and became bound thereby, and is estopped, by reason of the knowledge of its officers of the pendency of the proceedings, from now questioning the sufficiency of the service of the notice upon it.

2. DRAINS: establishment: jurisdiction: waiver of notice.

In this connection, it appears that the president of the railroad company and its chief engineer were before the board of supervisors at a time when there was what appears to have been an informal discussion with respect to the proposed drainage district, and at said time some statement was made by the officers of appellee to the effect that, if the proposed ditch was put under a certain bridge belonging to appellee, it would not oppose the establishment of the drainage district.

We are satisfied from an examination of the record that this proceeding was wholly informal.   No record whatever in respect thereto was made in the minute book of the board of supervisors, and the discussion was had before any notice had been given of the hearing on the proceedings for the establishment of the drainage district.   As before stated, appellant did not appear at the hearing, or at any other step in the proceedings, until after the assessment had been made.

We fail to find from the record any evidence sufficient to sustain the claim of either a waiver of notice or an estoppel on the part of appellee.   It may be true that appellee, through its officers, had actual knowledge of the fact of the construction of the ditch in the drainage district, and knew and was advised of the progress of the work; but such knowledge did not call for any affirmative act on the part of appellant; nor did it in any way give appellant jurisdiction of appellee in a proceeding, if jurisdiction was not otherwise legally obtained.   Neither could a proper service of the notice of the fact of the levy of the assessment confer jurisdiction upon appellant with regard to the initial proceedings for the establishment of the drainage district.

We reach the conclusion that the statute requiring the service of notice in the manner therein designated is mandatory, at least to the extent of requiring a substantial compliance therewith.   The record in this case shows that there was no attempt

whatever to comply in any manner with this provision of the statute. Appellant therefore did not acquire jurisdiction of appellee, and could not legally subject its property to the assessment for the construction of the proposed improvement.

The decree of the trial court necessarily follows from a construction of the statute as applied to the facts of this case, and it must be, and is,—*Affirmed*.

ARTHUR, C. J., and PRESTON and STEVENS, JJ., concur.