CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellee, v. W. L. SEDGWICK, County Treasurer, Appellant.

**DRAINS:** Assessments—Failure to Serve Designated Agent.   Failure to serve notice of a proposed drainage assessment on a railway company by serving its agent, *as designated by it under the statute* (Sec. 7442, Code of 1924), deprives the board of supervisors of all jurisdiction to levy such assessment against the company; and no estoppel to plead such failure of service arises from the fact that the company was served (1) by publication and (2) by service on a nondesignated agent of the company, and that the company interposed no objection to the proceedings.

Headnote 1:   19 C. J. p. 726.

*Appeal from Woodbury District Court.*—A. O. WAKEFIELD, Judge.

JUNE 21, 1926.

Action in equity, to enjoin the collection of certain special assessments levied in aid of a drainage improvement. Decree for plaintiff, as prayed.—*Affirmed.*

*Naglestad; Pizey & Johnson,* for appellant.

*Jepson, Struble, Anderson & Sifford* and *Davis, McLaughlin & Hise,* for appellee.

STEVENS, J.—The Chicago & Northwestern Railway Company, appellee, whose right of way in part lies within the boundaries of the Orton Slough Drainage District, in Woodbury County, Iowa, was assessed for a portion of the cost of said improvement. The amount assessed against appellee and certified to the county treasurer for collection was $500. This action was commenced in equity, to enjoin the treasurer from collecting this assessment. It is alleged in the petition that no notice of the proposed improvement or of the levy of the assessment was served upon appellee, and that, because of such failure on the part of the county auditor, the board of supervisors did not acquire jurisdiction or authority to make the assessment. A notice was served, by publication, upon all of the owners of property within the district, including appellee, and a further notice was served upon an assistant superintendent of appellee's fourteen days before the date fixed for the hearing of the petition for the improvement. No appearance before the board of supervisors was at any time entered by appellee, nor were objections filed in its behalf to the petition for the improvement or to the levy of an assessment against it.

Section 1989-a3, Code Supplement, 1913 (Sections 7440 to 7442, inclusive, Code of 1924), provides for the service of notice by publication upon the owner of each tract of land or lot within the proposed drainage district, as shown by the transfer books of the auditor's office, including railway companies having right of ways in the proposed district; but it is further provided in said section as follows:

"* * * provided further, however, that when any resident, nonresident, corporation, railroad company, or other persons

owning or having an interest in any land or property affected
by the proposed improvement shall have filed with the county
auditor of the county wherein such improvement is proposed, an
instrument in writing, duly signed, and designating the name
and post-office address of his or its agent upon whom service of
notice in said matter shall be made, the county auditor shall, at
least twenty days prior to the date set for hearing upon said
petition, mail a true copy of said notice in a registered letter
addressed to the person or agent so designated in said written
instrument, as aforesaid.  Proof of such service of said notice
shall be made by affidavit of said county auditor and filed by him
in said matter in his said office on or before the date of the hear-
ing upon the petition, and such service shall be in lieu of all
other service of notice to such residents, nonresidents, corpora-
tions, railroad companies or other persons.''

Prior to the commencement of the proceedings before the
board of supervisors for the establishment of the drainage dis-
trict in question, appellee, in writing filed in the office of the
county auditor of Woodbury County, designated H. L. Adams as
its agent upon whom notice might be served.  It is conceded that
no notice was served upon him, as required by the statute quoted
above.  Appellant, in effect at least, concedes that jurisdiction
of appellee was not conferred upon the board of supervisors for
any purpose by the above designated notices.  It is the claim of
appellant that appellee obtained actual knowledge of the pro-
posed improvement and of the contemplated assessment of its
right of way for benefits by the notice served by publication and
the additional notice served personally upon the assistant super-
intendent; that it stood by and permitted the expense of con-
structing the ditch to be incurred without protest or objection;
and that, because thereof, it is now estopped from setting up the
failure of the county auditor to make proper service of notice
upon the designated agent of appellee, and from objecting to the
assessment levied.

The record does not disclose that any officer or agent having
authority to bind appellee by waiver or estoppel did in any way
participate in the drainage proceeding, or had knowledge there-
of.  The estoppel, if any was proven, arises wholly out of the
notice above referred to.  The notice required by the statute to
be served in the manner stated upon the designated agent of

appellee is mandatory, and essential to jurisdiction. *Minneapolis & St. L. R. Co. v. Board of Supervisors*, 198 Iowa 1288; *Gilcrest & Co. v. City of Des Moines*, 157 Iowa 525; *Matson v. Mitchell* (Iowa), 179 N. W. 173 (not officially reported).

It has never been held in this state that mere knowledge of the progress of an improvement for which the owner's lands are to be assessed, supersedes the necessity of notice and estops him from denying the validity of an assessment laid upon his land for the cost of a drainage improvement, although apparently the courts of a few jurisdictions have so held. *Thompson v. Mitchell*, 133 Iowa 527, and cases cited.

Manifestly, any landowner may waive notice, and, by his conduct in relation to the improvement, estop himself from waiting until the expense necessary for the completion of the improvement has been incurred, to object to the validity of the proceedings. Many cases are cited by appellant illustrative of this rule. *Montgomery v. Wasem*, 116 Ind. 343 (15 N. E. 795); *Board of Com. v. Plotner*, 149 Ind. 116 (48 N. E. 635); *Atwell v. Barnes*, 109 Mich. 10 (66 N. W. 583); *Barker v. City of Omaha*, 16 Neb. 269 (20 N. W. 382); *Darst v. Griffin*, 31 Neb. 668 (48 N. W. 819); *Peters v. Griffee*, 108 Ind. 121 (8 N. E. 727).

It will be found, upon examination of the above named cases, that in each of them the party estopped had been served with notice which, for some reason, either as to form or manner of service, was defective, or he in some way participated in the proceedings without protest or objection thereto.

In *Minneapolis & St. L. R. Co. v. Board of Supervisors*, supra, notice was served upon the plaintiff by publication, and, sometime prior to the publication of such notice, there was an informal discussion between the president of the railway company and its chief engineer and the board of supervisors with respect to a proposed drainage district. No objection or protest appears to have been made by the representatives of the plaintiff at that time. In the discussion, the officers of the plaintiff stated that, if the proposed ditch was put under a certain bridge belonging to appellee, it would not oppose the establishment of the improvement. This was held not to estop the plaintiff from denying the validity of an assessment levied against it for the cost of the improvement. There is nothing in the record tending to show that any employee, agent, or officer of appellee having

authority to waive notice, was present at any of the proceedings of the board of supervisors, or had knowledge of the establishment of the improvement or the progress of the work thereon. It may be assumed that section hands observed the progress of the work, and that many trains passed through the territory while the ditch was being constructed. It may be further assumed that neither the section hands nor the train men had authority to waive notice, or, by their knowledge, to estop the railway company from enjoining the collection of the assessment in controversy. None of the cases cited by appellant from this jurisdiction involved an identical question. Courts have gone far in sustaining pleas of estoppel in cases of this character, and in favor of all kinds of municipal corporations. The statute quoted was evidently designed for the benefit of both the drainage district and the party to be served in the manner therein provided. Having complied therewith, and having designated the agent upon whom notice might be served, appellee had the right to rely upon service upon it, and in the manner provided. It was, of course, the duty of the designated agent to give proper notice to the railway company of the receipt of a notice of a proposed drainage improvement; but, whether he did or not, it would be binding upon the company. The agent designated for that purpose becomes the special representative of the person or corporation appointing him, and, in the absence of facts sufficient to establish waiver or estoppel, no valid assessment may be levied against his principal. As bearing upon the questions of waiver and estoppel, attention is called to the extensive note following *Damron v. City of Huntington*, 9 A. L. R. 623, at 627. If an estoppel may be predicated upon notice by publication or a notice served personally upon the agent of the party to be affected, but having no duty to notify its principal, then the notice required by law to confer jurisdiction may in all cases be dispensed with. This would be carrying the doctrine of estoppel too far. As held in the case cited supra, the statute is mandatory, and jurisdiction can only be obtained in the first instance by substantial compliance therewith.

We reach the conclusion, therefore, that the assessment complained of was levied without jurisdiction on the part of the

board of supervisors, and that it is, therefore, void. The decree and judgment of the court below is, accordingly,—*Affirmed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.