IN RE SECONDARY ROAD DISTRICT No. 11, CLAY COUNTY.

JOHN H. JOHNSON, Appellant, v. BOARD OF SUPERVISORS OF CLAY COUNTY et al., Appellees (and three other cases).

No. 40740.

SEPTEMBER 29, 1931.

REHEARING DENIED JANUARY 20, 1932.

George A. Heald, Jr., for appellants.

Baldwin & James and Cornwall & Cornwall, for appellees.

WAGNER, J.—On May 4th, 1920, the Board of Supervisors of Clay County, upon the petition of interested property owners, by resolution established a road district, designated and to be known as Secondary Road District Number 11. The petition and resolution of the board contemplated the graveling of three miles of secondary highways, as authorized by Chapter 237, Laws of the 38 G. A. Following the establishment of the district, a contract was entered into with a construction company for the graveling of the highway. Only a mile and a half of said highway had been brought to grade. Upon the completion of the graveling of the mile and a half, which had been previously graded, warrants were issued to the contractor for the full amount of the work done and said warrants were paid by the county treasurer out of the funds of the county. Nothing further appears to have been done until October 29th, 1928, when

commissioners were appointed by the board of supervisors to make tax assessments on secondary road districts, including Number 11. On February 2nd, 1929, the commissioners reported. Following the filing of the report of the commissioners, statutory notice was duly given, fixing the hearing thereon at the courthouse in Spencer for March 25th, 1929. Each appellant appeared before the board of supervisors at the time fixed for such hearing and filed objections to the levying of an assessment against his land located within the district. The objections filed by the respective appellants were, for the purposes of this case, substantially the same. The board of supervisors overruled the objections made by the appellants and approved and confirmed the assessments against the real estate as made by the commissioners, assessing against 160 acres owned by Johnson the sum of $196.20, against 280 acres owned by Conrad the sum of $313.80, against 160 acres owned by the Doyles the sum of $175.40, against 160 acres owned by Oberg the sum of $178.90.

██ Relative to taking an appeal, the statutory law, Section 4753-a5, Code, 1927, provides:

"Any owner of land may appeal to the district court from the order of the board of supervisors in levying the assessment against his real estate, by filing with the county auditor within fifteen days from the date of such levy, a bond conditioned to pay all costs in case the appeal is not sustained, and a written notice of appeal * * *."

The trial court dismissed the petition and appeal of the appellant Oberg for noncompliance with the aforesaid statute in his attempted appeal. Oberg gave the written notice and filed a purported bond. However, said purported bond does not bear the signature of the surety. The affidavit of qualification thereto attached is signed by J. H. Johnson, in which he states "that I am surety in the above bond," etc. The giving of the written notice is not alone sufficient to confer jurisdiction upon the district court of his attempted appeal. In conjunction with the notice, a bond signed by a surety, or sureties, must be filed within the prescribed time. See Minton v. Ozias, 115 Iowa 148. The question as to the sufficiency of the bond and the jurisdiction dependent thereon was raised by an amendment to the

answer. It is unnecessary for us to determine whether the signature attached to the affidavit of qualification is sufficient to constitute a signature in fact to the bond; for, assuming, without deciding, that it would constitute a signature to the bond, in that event, the giving of the bond was too late to perfect his appeal. The action of the board from which the attempted appeal was taken, to wit, the levying of the assessment, occurred June 13th, 1929, and the qualification attached to the bond was signed by Johnson sixteen days thereafter, to wit, June 29th, 1929; whereas, the aforesaid statutory law requires the giving and filing of a bond within fifteen days from the date of the levy. It is therefore apparent that the district court obtained no jurisdiction of his attempted appeal. Therefore, the court was clearly right in dismissing said appellant's petition and appeal, and the matters urged by said appellant need no further consideration. No question as to the jurisdiction of the district court to determine the appeals of the remaining appellants was raised.

The appellant Conrad was the owner of 280 acres at the time of the presentation of the petition for establishment of the district, but had sold and conveyed the same to Scothorn prior to the action taken by the board of supervisors establishing the district. Conrad has since reacquired said real estate by reason of foreclosure proceedings. As to 160 acres upon which an assessment has been made, the appellant Johnson has at all times been the owner. As to another 160 acres upon which an assessment has been made, the appellants Warren Doyle and his wife, Jennie Doyle, as tenants in common, have at all times been the owners.

These appellants raise the issue that the publication of the notice for the hearing upon the question of the establishment of the district was insufficient to give the board of supervisors jurisdiction as to them, or the owners of aforesaid real estate at said time, and it is their contention that, no jurisdiction as to them having been obtained for the establishment of the district, the establishment of the district and all subsequent proceedings are void as to them.

Relative to the character of the notice required and the manner of service thereof, Section 47, Chapter 237, of the Laws of the 38th G. A., provides:

"The engineer's report shall include a plat showing, in accordance with his recommendations, the highways to be improved and benefited. Upon the filing of said report by the engineer, the board of supervisors shall fix a time for hearing thereon, and shall cause the county auditor to serve notice by publication as hereinafter provided, of the pendency of said petition on all owners of said land lying within said proposed district, as recommended by the engineer. *Said notice shall contain the time and place of hearing on said petition,* an intelligent description of all of the lands lying within said district, and the ownership thereof, as shown by the transfer books in the auditor's office, and shall be published for two consecutive weeks in some newspaper published in the English language within the proposed district, if there be such newspaper, and if there be no such newspaper within such district, then the said notice shall be so published in some such newspaper in the county as near as practicable to said district. Proof of such publication shall be made by the publisher by affidavit duly filed with the county auditor." (Writer's italics).

A purported notice was published in the newspaper and due proof thereof by affidavit was made. The notice, as published, was directed to Warren and Jennie Doyle, John H. Johnson and J. W. Scothorn, the latter then being the owner of the real estate now owned by the appellant Conrad. The exact contention of the appellants on the jurisdictional question is that the notice as published does not "fix a time for hearing." As to this matter, the notice provides:

"Said petition will come on for hearing before the Board of Supervisors of Clay County, Iowa, at their office in the Court House in Spencer, Iowa May 4th at 1:30 p.m. at which time all persons interested may appear and be heard in the matter of establishment of said district.

"A. W. Chamberlain,
"County Auditor.
"Dated at Spencer, Iowa, April 13, 1920."

It will be observed that the foregoing notice states that the hearing will be had *May 4th, at 1:30 p.m.,* but fails to state the year; and the question presented for our determination is as to whether said omission is fatal as to jurisdiction on the part of

the board to act in the establishment of the district on May 4th, 1920.

Any notice imparted by reason of the publication would necessarily be only constructive notice. It is the universal holding of this court that, in order for the published notice to constitute constructive service of the notice, the requirements of the statutory law must be strictly complied with. This proposition needs no citation of authorities, but see Ann. to the Code of Iowa, Vol. 1, page 1187, and the authorities there cited. Also see Incorporated Town of Carpenter v. Joint Drainage District No. 6, 198 Iowa 182; Chicago & Northwestern Railway Company v. Sedgwick, 203 Iowa 726; Minneapolis & St. Louis Railway Company v. Board of Supervisors of Marshall County, 198 Iowa 1288. In Incorporated Town of Carpenter v. Joint Drainage District No. 6, 198 Iowa 182, we said:

"In order to acquire this jurisdiction, statutory procedure requires notice and a time of hearing. The fundamentals of jurisdictional procedure, under this part of the statute, are *notice* and a *day* of hearing. Such procedure being had, the jurisdiction acquired is complete in its nature and as broad in its scope as the subject-matter set forth in Section 1989-a1. The statutory requirement of notice and a day of hearing is one which will be strictly construed."

In Chicago & Northwestern Railway Company v. Sedgwick, 203 Iowa 726, we said:

"The rule is well established that the statutory conditions precedent to the order or the making of a public improvement must be strictly followed."

If jurisdiction was not obtained, then the order establishing the district and all subsequent proceedings are, as to the appellants, void. Minneapolis & St. Louis Railroad Company v. Board of Supervisors of Marshall County, 198 Iowa 1288.

The question for our determination is as to whether or not the aforesaid published notice gave the board jurisdiction over the appellants to act on May 4th, 1920, relative to the establishment of the district. It is apparent that it does not fix the time for the hearing. It must be borne in mind that the notice imparted to the defendants by the mere fact of publication can

only be constructive. Under the rule of strict construction of the statutes and the requirements thereunder, as announced in our previous cases, nothing as to the essentials should be left to inference or conjecture. In Hodges v. Brett, 4 Greene (Iowa) 345, the point involved was as to whether or not the justice of the peace obtained jurisdiction by reason of the notice which was personally served. The statute required the notice to specify the hour of the day at which the defendant was required to appear. The original notice required the defendant to appear on a certain day "at 11 o'clock M." This court held the notice to be insufficient to confer jurisdiction, saying:

"The notice should designate the hour of appearance. Code Sections 2279, 2520. The notice in this particular is ambiguous and uncertain. It specifies no given hour. The term, '11 o'-clock, M.,' does not express any known period of time. It is the same as if no hour of appearance had been named in the notice. The objection is claimed to be trifling and technical. But the rule resulting from the decision is important. Defendants are entitled to a specific and definite notice of proceedings against them. If the notice may omit the hour, may it not on the same principle omit the day or the month? *The only safe rule, in cases where jurisdiction depends upon the process, is to require a strict observance of the statute.*" (Writer's italics).

Strict observance of the statute in the instant case requires the fixing of the time, which was not done in the instant case, by reason of the omission of the year. In State v. Waterman, 79 Iowa 360, there were involved the legality of the establishment of a highway and the sufficiency of the notice which was given. The statutory law required the notice to state the time at which the application would be made to the county court. The notice stated that a petition would be presented at the February term of the county court of Clayton County, Iowa, but did not specify the year in which the presentation would be made. This court held the notice insufficient to confer jurisdiction, saying:

"The year of the term referred to could only be conjectured."

Under the rule of strict construction of the statutes and

strict observance of the requirements thereunder, and the authority of the cases hereinbefore cited, it must be held that the published notice in the instant case was insufficient to confer juris diction as to the appellants.

The appellees, in support of their contention that the published notice is sufficient to confer jurisdiction, cite the following cases: Clark v. State (Ga.), 102 S. E. 914; Tipton v. State (Ga.), 46 S. E. 436; Plair v. State (Ga.), 99 S. E. 61. These are not analogous cases. No question of jurisdiction was therein involved. They were all criminal cases and the indictment in each was specific as to time. The question involved was as to whether or not the charge in the indictment was supported by the testimony. During the same year the cases were tried and the witness, or witnesses, testified as to the event, giving the date of the month, but omitted the year, and the court in each case held that the testimony given was sufficient to support the charge contained in the indictment, saying: ''Ordinarily when a month is referred to, it will be understood to be of the current year, unless from the connection it appear that another is intended.'' As already stated, no question of jurisdiction was involved and it is a well recognized rule of law that the jury, in determining propositions before it, may take into consideration the testimony given and the fair inferences to be drawn therefrom. It is clearly apparent that said cases have no bearing upon the jurisdictional question before us for determination. Appellees also rely upon Bogard v. Barhan (Or.), 108 Pac. 214. The question therein involved was as to the proper construction of a contract relative to when a certain payment was to be made and the possession of property surrendered. The contract stated the day of the month, but not the year, and the court, in passing upon the proposition, said:

''It is contended that the contract in question does not indicate when the sum of $100 in cash referred to in the memorandum was to have been paid, or the note for $800 given, or specify what year on 'September 30th' thereof Bogard was to surrender the possession of his residence property, under which circumstances the writing is too indefinite, and the court erred in its decree. Considering these matters in their reverse order, the rule is well settled that when a month is specified in a written

instrument (a contract) which omits to state the year intended, it will be inferred in the absence of any implication to the contrary, that it is the designated month then next ensuing.''

It will be observed that, in said case, we have two parties involved, who participated in the making of the contract, and the question is one of construction as to what both parties intended. The case, as we view it, has no bearing upon the question of jurisdiction attempted to be acquired by publication where only one party sets the machinery in motion and the other party takes no part therein. The question herein involved is not, what did the appellees in drawing the notice intend to do, but what did they do, and does the notice comply with the statute? Under the rule of strict construction, nothing as to the essentials should be left to inference. It is quite apparent that the Oregon case is not authority for the appellees on the jurisdictional question. Appellees also rely upon State v. Nelson (Wis.), 15 N. W. 14, which involved the sufficiency of a notice given relative to the alteration of a highway, and the notice stated that the petition was made June 13, 1881, and appointed ''Tuesday the 28th day of June at one o'clock P. M. as the time of meeting.'' It is true that the Wisconsin Supreme Court held the notice to be sufficient, but we are not disposed to follow the reasoning or the conclusion reached in said case. In view of our previous pronouncements upon this important question, it must be held that the published notice, failing to state the year, was insufficient to confer jurisdiction as to the appellants.

As hereinbefore stated, the appellants Warren Doyle and Jennie Doyle were tenants in common of 160 acres lying within the district. Warren Doyle signed the petition asking for the establishment of the district, and under our holdings this constituted a waiver by him of any notice as to the time for hearing. See Swift v. Board of Supervisors of Davis County, 185 Iowa 488; Gilcrest & Company v. City of Des Moines, 157 Iowa 525. Since the board had jurisdiction of one tenant in common, but not of the other, could it legally make the assessment against the farm as a whole, which was confirmed by the trial court? Under the record Warren Doyle and Jennie Doyle were each the owner of an undivided one half of said 160 acres. Under the statutes, the assessment which is to be made is upon

the real estate as a whole, and not upon an undivided moiety thereof. The assessment constitutes a tax, which becomes a lien upon the land against which it is levied, and for failure to pay, the farm is subject to sale for said tax. This tax could not be levied against the farm as a whole without jurisdiction of all of the owners thereof. Ordinarily, one tenant in common cannot, by his acts alone, constitute a lien upon the joint property. It is therefore apparent that the mere fact that Warren Doyle signed the petition is not sufficient to uphold the action of the board in levying the assessment against the farm as a whole.

The appellants appeared and filed objections to the levying of the assessment. The appellees contend that the appellants thereby waived the jurisdictional question and are estopped from claiming that the board of supervisors had no jurisdiction at the time of the granting of the order establishing the district. In their brief and argument, the appellees refer to Chicago & Northwestern Railway Company v. Sedgwick, 203 Iowa 726, and concede that the opinion in said case is adverse to their contention. We are not disposed to recede from the holding in said case.

It is also shown by the record that the appellants lived adjacent to or in close proximity to the road in question, and knew of the improvements made thereon. This knowledge is not sufficient to constitute an estoppel as against the appellants. See Minneapolis & St. Louis Railroad Company v. Board of Supervisors of Marshall County, 198 Iowa 1288; Chicago & Northwestern Railway Company v. Sedgwick, 202 Iowa 33. In the latter case, we said:

"If an estoppel may be predicated upon notice by publication * * *, then the notice required by law to confer jurisdiction may in all cases be dispensed with. This would be carrying the doctrine of estoppel too far. As held in the cases cited supra, the statute is mandatory, and jurisdiction can only be obtained in the first instance by substantial compliance therewith."

It is therefore quite clear that neither estoppel nor waiver can be urged against the appellants, except that the signature by the appellant Warren Doyle to the petition was sufficient to confer jurisdiction as to him. But for reasons hereinbefore

shown, such waiver was not sufficient to justify the levying of a tax upon the real estate as a whole, in which he and another were tenants in common.

Our conclusion thus far makes it unnecessary to consider other objections urged by the appellants. The action of the trial court in dismissing the petition and appeal of the appellant Oberg is hereby affirmed, and the judgment of the trial court as to the remaining appellants is hereby reversed.—Affirmed in part. Reversed in part.

FAVILLE, C. J., and DE GRAFF, ALBERT, KINDIG, and GRIMM, JJ., concur.