CARLOTTA H. WILCOX, individually and as Executrix, Appellant, v. MARSHALL COUNTY et al., Appellees.

No. 45160.

866

DECEMBER 10, 1940.

MODIFIED BY SUPPLEMENTAL OPINION ON PETITION FOR REHEARING AND REHEARING DENIED MAY 6, 1941.

Boardman & Cartwright and Harry Druker, for appellant. Joe B. Tye and John L. Mowry, for appellees.

MILLER, J.—Plaintiff's petition, which was filed August 21, 1937, asserts that certain drainage assessments were illegally assessed by the trustees of Iowa River Drainage District No. 1, (established in 1918) against lands then owned by herself, her father and her mother. Her father and mother are both deceased. She is the executrix of each estate and is the sole heir and devisee under the will of each parent. She asserts that the purported drainage district was never legally established because of failure to serve jurisdictional notices upon herself and her mother. She seeks the return of approximately $12,000 paid to discharge drainage assessments which were thus allegedly illegally assessed.

The pleadings are voluminous and various defenses are asserted which include a general denial and pleas of waiver, estoppel, statute of limitations and laches. We will refer to such defenses as may be controlling later.

Trial was had and decree was entered, which determined that the drainage district was legally established, that the claims now asserted are barred by the statute of limitations, that the issues and the facts are with the defendants and against the plaintiff and dismissed the action. Plaintiff appeals.

I. The title to most of the lands, involved in the controversy

as it was presented to the district court, stood in the name of plaintiff's father when the drainage district was established. He was one of the petitioners for the district and the record is clear that proper notice was given to him. In this court, the appeal on behalf of his estate has been discontinued and abandoned. Accordingly, we are not concerned with any issues in reference thereto.

II. In 1918, plaintiff's name was Emily Carlotta Howard. The notice of the establishment of the district was addressed to Emily Bartlett Howard. The only explanation for this error, that is presented by the record, is that her name was so deciphered from the records examined when the notice was published. Plaintiff admits that proper notice of the drainage assessments was given to her and in response thereto on December 18, 1919, plaintiff and her father appeared by George C. White, attorney at law, and filed written objections to the assessments of benefits against their lands. Among the claims asserted were the contentions that the district had not been legally established and that the assessments had not been legally made. Such objections were overruled and no appeal was taken from such ruling. Thereafter plaintiff acquiesced in the establishment of the district and paid a substantial number of her assessments to the district, which she now seeks to recover.

In commenting upon the issues presented by this litigation, counsel for appellant state:

"Although at first blush the situation in the case at bar may appear complicated, a thorough examination will show that the essential facts are simple, and that the issues are plain and few.

"In fact, there are only two major issues:

"ONE: Whether or not Iowa River Drainage District No. 1 was ever legally established as to these appellants.

"If not, then the following issue becomes material:

"TWO: Whether the lapse of time since the institution of the Drainage District proceedings in 1918 has barred the remedy

of Appellants to recover amounts paid in for drainage taxes.''

We think that the situation herein is controlled by our pronouncement in Lincoln v. Moore, 196 Iowa 152, 164, 194 N. W. 299, 304, wherein we state:

"In any event, we think that appellees' contention that appellants are estopped to now say that the district was not legally established, is well taken. All landowners in the district, including appellants, having for so long a time considered the district as properly established, assented thereto, acquiesced therein, acted upon such belief, paid taxes, and expended money in reliance thereon, with full knowledge of all the facts, appellants ought not to be now permitted to change their position to the disadvantage of other landowners in the district. * * * Without a review or discussion of the cases, we think that the following sustain our holding: Thompson v. Mitchell, 133 Iowa 527; Smittle v. Haag, 140 Iowa 492; Mackay v. Hancock County, 137 Iowa 88; Kelley v. Drainage District, 158 Iowa 735; Chicago & N. W. R. Co. v. Board, 182 Iowa 60. See, also, State v. Kinkade, 192 Iowa 1362; State v. Hall, 190 Iowa 1283. In the last cited case, at page 1290, we said, in regard to the organization of school districts, that interested parties ought not to be permitted to stand by and see the organization completed, elections held, and other matters referred to done (citing Nelson v. Consolidated Ind. Sch. Dist., 181 Iowa 424, 432; State v. Board, 148 Iowa 487, 492). See, also, 21 Corpus Juris, 1202, 1216, et seq.''

The foregoing pronouncement was followed in the recent case of Whisenand v. Van Clark, 227 Iowa 800, 808, 288 N. W. 915, 920.

Plaintiff contends that the plea of estoppel is not available because of the following decisions: In re Secondary Road District, 213 Iowa 988, 238 N. W. 66; M. & St. L. R. R. Co. v. Board of Super., 198 Iowa 1288, 201 N. W. 14; C. & N. W. Ry. Co. v. Sedgwick, 202 Iowa 33, 209 N. W. 456. These decisions

are not in point. In none of them were we faced with acquiescence in the establishment of the district by voluntary payment of drainage assessments. The first two cases were instances of statutory appeals from adverse rulings of the board. No such appeal was taken herein. The Sedgwick case was an action to enjoin the collection of the assessments. Here plaintiff has paid the assessments and now undertakes to recover them back. We are satisfied that this case falls within the rule of Lincoln v. Moore, supra. Since the plea of estoppel is a good defense, it is not necessary to decide other propositions argued by plaintiff.

III. There remain the contentions in regard to the property asserted to have been owned by plaintiff's mother. Counsel for appellees admit that plaintiff's mother was not given jurisdictional notice of the establishment of the district. They contend, however, that she was not entitled to notice because no property within the district was owned by her at the time the district was established. They further contend that, under the record herein, there is no showing that she has ever paid any drainage assessments and, therefore, her estate is not entitled to recover any sums herein.

Attached to plaintiff's petition as Exhibit A is a list of property asserted to be owned by plaintiff and her parents at the time the district was established. A large number of descriptions are contained in this list. Most of them refer to property asserted to have been owned by plaintiff and her father. Only six parcels are claimed to have been owned by plaintiff's mother. One of these describes real estate which was not included within the drainage district. No assessments were levied against it and no monies were paid on account of it. We need give it no further attention. As to two of the parcels, claimed to have been owned by plaintiff's mother, the record shows that the title did not stand in her name but stood in the names of persons who were given proper notice of the establishment of the district. We, therefore, need give no further consideration to those parcels.

There remain three parcels claimed to have been owned by plaintiff's mother. Plaintiff asserts that title was shown to have been in her mother when the drainage district was established because of the recitals contained in an instrument identified in the record as Exhibit I-1. This exhibit was compiled by A. S. Graham, deputy auditor of Marshall county, as a true and correct statement taken from the auditor's transfer books with respect to the title to the various tracts as of 1918. Objection was made thereto as not being a true compilation. As to one of the tracts, which Exhibit I-1 shows stood in the name of plaintiff's mother, Graham testified that the original books show the tract was owned by one M. C. Hilsabeck, who was given proper notice of the establishment of the district. We, therefore, give no further consideration to this tract.

Another parcel consisted of 24.73 acres which, according to Exhibit I-1, was owned by plaintiff's father and plaintiff's mother, each having a half interest. However, Exhibit J, which is an abstract of property owners as of the date of the establishment of the district made in 1918 by the then county auditor and was admitted in evidence without objection, shows that this property was owned by plaintiff's father alone and, as above stated, he was given proper notice of the establishment of the district. Also, Exhibit 5 shows that plaintiff and her father filed a claim for damages to this tract, reciting that they were the sole owners thereof. Such special assessments as appear to have been paid were paid by plaintiff or her father, and the last payment was made in 1926. We are disposed to the view and hold that the plaintiff failed to sustain the burden of proving such ownership in her mother which would entitle her mother to notice of the establishment of the district.

The remaining parcel, which plaintiff claims was owned by her mother when the drainage district was established, is in a somewhat analogous situation with the one last commented

upon. Exhibit I-1 shows the title was in plaintiff's mother but Exhibit J shows that, at the time the district was established, the title was in plaintiff's father. The schedule of special assessments shows the land owned by plaintiff's father and he was given notice of such assessment as well as notice of the establishment of the district. Such assessments as are shown to have been paid were paid by plaintiff or her father. None were paid by her mother and the last payment made by plaintiff or her father was in 1928. We are disposed to the view and hold that plaintiff failed to sustain the burden of establishing title in her mother which would require notice to her of the establishment of the district.

By reason of the foregoing, the decree is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.

HALE, C. J., and SAGER, OLIVER, STIGER, BLISS, and GARFIELD, JJ., concur. (Supplemental opinion.)